CASTLEBERRY *v.* STATE.

Opinion delivered June 1, 1901.

FOURTEENTH AMENDMENT—DISCRIMINATION AGAINST NEGRO RACE.— Where a negro defendant filed a motion to quash an indictment on the ground that the grand jury was impaneled before the offense was alleged to have been committed, and that for sixteen years negroes had been excluded from the grand juries of the county on account of their race and color, it was error to overrule the motion without hearing evidence as to the facts alleged.

Appeal from Pulaski Circuit Court.

W. H. PEMBERTON, Special Judge.

*Scipio A. Jones* and *J. H. Carmichael,* for appellant.

Appellant had a right to be present at the formation and impaneling of the grand jury; and also to take advantage of the lack of

of such opportunity by motion to quash the indictment. 177 U. S.
447; Sand. & H. Dig., § 2067; 50 Ark. 542; 42 Ark. 394; 43 Ark.
395; 10 Ark. 631; 58 S. W. 97. The refusal of the court to hear
evidence on the motion to quash was error. If its allegations had
been proved, appellant would have been denied the equal protec-
tion of the laws by a failure to quash the indictment. 100 U. S.
339; *id.* 313; *id.* 303; 140 U. S. 278; 58 S. W. 97.

*Geo. W. Murphy, Attorney General,* for appellee.

Appellant's failure to save exceptions and embody them in his
motion for new trial waives the point as to the refusal to hear evi-
dence on the motion. Sand. & H. Dig., § 1061; 26 Ark. 536;
27 *id.* 349; 32 *id.* 154; 37 Ark. 544; 43 Ark. 391; 45 *id.* 524; 55
*id.* 376; 46 *id.* 17; 53 *id.* 204; 67 *id.* 531. There was no error in
the court's refusal to quash the indictment.

HUGHES, J. The appellant was indicted for larceny, pleaded
not guilty, was tried and convicted, and appealed to this court.

When the cause was called for trial, the defendant filed a
motion to quash the indictment. He offered to introduce evi-
dence to sustain the allegations in said motion, which the court
declined to hear, and overruled the motion, to all of which the
defendant excepted, and filed his motion for a new trial, which
was overruled by the court, to which the defendant excepted.

The attorney general contends that the question made in the
court below is not presented here, and that the appellant has
nothing before the court, inasmuch as he failed in his motion for
a new trial to make the court's refusal to hear testimony upon
his motion one of his grounds for a new trial. But, as we under-
stand, he did make the action of the court in overruling his motion
to quash the indictment a ground for a new trial in his motion for
a new trial, which was overruled, and to which he excepted.

The refusal of the court to hear evidence on the motion to
quash was, in effect, saying: "Grant that the facts exist as set up in
your motion; the motion is bad, there is nothing in it." This was,
in effect, treating the motion as bad upon demurrer, and sustain-
ing the demurrer. Was the motion good, the facts set up in it
being conceded for the argument?

The motion is as follows: "Comes Scipio A. Jones, attorney
for the defendant, Fred Castleberry, and moves the court to quash
the indictment against him herein for the following reasons, to-wit:
First. Because the offense for which he stands charged in the

indictment, and as shown by the indictment herein against him, was committed, if committed at all, after the impaneling and swearing in of the grand jury that found said indictment, and he was therefore deprived of his right and opportunity to be present at the impaneling and swearing in of the grand jury herein, and had no opportunity to challenge, nor has he made any plea whatever to said indictment, and therefore he claims the right and opportunity of challenging the formation and impaneling of said grand jury at this time. Second. That he has not been arraigned, nor has he pleaded in any way to said indictment, and that said grand jury which found said indictment was composed exclusively of white persons, and that all persons of color or of African descent, and known as negroes, were excluded from said grand jury on account of their race and color; that one-third of the inhabitants, and one-fourth of the legal electors, of this county are persons of color, or of African descent, known as 'negroes,' and were excluded from serving on said grand jury by the commissioners of said county on account of their race and color, and for no other reason. Third. That the jury commissioners of this (Pulaski) county have for a long period of time, to-wit, sixteen (16) years, neglected and refused and excluded all colored persons, or persons of African descent, from serving on said juries solely on account of their race and color; that said exclusion, neglect and refusal is a discrimination against this defendant, who is a negro, and is a denial to him of an equal protection of the laws, as guaranteed to him under the constitution of the United States. Fourth. That all the circuit judges for a great number of years have been white persons; that they have selected no persons of color or of African descent, known as negroes, to serve as jury commissioners in this county; that, although there are many persons of color, or of African descent, known as 'negroes,' in said Pulaski county qualified to serve as jury commissioners, they have been excluded on account of their race and color by said judges in the selection of jury commissioners; that said failure of said circuit judges to select any persons of color, or of African descent, known as 'negroes,' to serve as jury commissioners is a discrimination against this defendant, who is a person of color or African descent, known as a negro, and is a denial to him of equal protection of the laws under the constitution of the United States. All of which the defendant is now ready to verify." And the same was verified.

The defendant, Fred Castleberry, to sustain his motion to quash the indictments herein, supœnaed witnesses, who were sworn, and were offered to prove the allegations set out in his motion to quash said indictment, but when said witnesses were called, and their testimony offered to sustain said allegation, the court declined and refused to hear the statement of said witnesses, or any evidence upon said motion, over the objection of the defendant. To which refusal of the court to hear such testimony the defendant at the time excepted, and asked that his exceptions be noted of record, which was accordingly done.

As we understand the decision in *Carter* v. *Texas*, 177 U. S. 442, it is held (quoting from the syllabus): "A person of the African race was indicted in an inferior court of a state for a murder, committed since the impaneling of the grand jury, and, before pleading in bar, presented and read to the court a motion to quash, duly and distinctly alleging that all persons of the African race were excluded, because of their race or color, from the grand jury which found the indictment, and, as was stated in his bill of exceptions allowed by the judge, offered to introduce witnesses to prove that allegation, but the court refused to hear any evidence upon the subject, and, without investigating whether the allegation was true or false, overruled the motion, and defendant excepted. After conviction and sentence, he appealed to the highest court of the state in which a decision in the case could be had. The court affirmed the judgment, upon the assumption that the defendant had introduced no evidence upon the motion to quash. *Held,* that this was plainly disproved by the statements in the bill of exceptions, and that the judgment of affirmance denied to the defendant a right duly set up and claimed by him under the constitution of the United States, and must therefore be reversed by this court on writ of error."

The court below erred in overruling the motion to quash without hearing the evidence. The appellant was entitled to introduce testimony to sustain the allegations in his motion. *Smith* v. *Mississippi,* 162 U. S. 596, 601.

For the error indicated, the judgment is reversed, and the cause is remanded for a new trial.