## TILLMAN *v.* STATE.

### Opinion delivered December 13, 1915.

1. INDICTMENTS—COMPETENCY OF GRAND JURORS.—The policy of the statutes of the State regulating procedure in the criminal courts is not to permit objections as to the qualifications of those who sit on the grand jury, in avoidance of an indictment (Kirby's Digest. § 2245).

2. INDICTMENTS—QUALIFICATIONS OF GRAND JURORS.—An exception apparent on the face of the record may be taken advantage of subsequent to the return of an indictment, but objections to the qualifications of jurors can not be made except by challenge to the array.

3. INDICTMENTS—COMPETENCY OF GRAND JURORS.—The indictment by the grand jury is a mere accusation, and no person accused of crime is entitled to have the accusation made by any particular grand jurors or class of grand jurors.

4. GRAND JURIES—COMPETENCY OF JUROR—TIME TO OBJECT.—An objection to a grand juror by a person interested in their deliberations should be made at the time of the formation of the grand jury, and not thereafter, and an objection made thereafter will be too late.

5. CRIMINAL PROCEDURE—VALIDITY OF INDICTMENT.—A motion to quash an indictment, made by the accused, who was a negro, that the grand jury failed to indict a white man on the same evidence on which they indicted the accused, is without merit. One accused of crime can not escape punishment on the ground that another equally guilty has been permitted to escape.

6. CRIMINAL PROCEDURE—REMOVAL TO FEDERAL COURT—NEGRO—INDICTMENT—EXCLUSION OF NEGROES FROM GRAND JURY.—The fact that citizens of the African race had been excluded, because of their

race, from service on previous grand juries, as well as from the grand jury which returned the particular indictment in the case on trial, will not authorize a removal of the prosecution.

7. APPEAL AND ERROR—DEFECTIVE ABSTRACT AND BRIEF.—When the grounds of a motion are not set out in the abstract or brief, the court, on appeal, will not explore the record to ascertain whether the trial court erred in its rulings.

8. CHANGE OF VENUE—DISCRETION.—A motion for change of venue is properly refused when the affiants offered in support of the motion, are found not to be credible persons, and to have sworn recklessly and without due consideration of the facts.

9. TRIAL—IMPEACHMENT OF WITNESS—COLLATERAL MATTER.—A witness may not be impeached by a statement concerning collateral matters, and a trial court will not be reversed for refusing to permit it to be done.

Appeal from Desha Circuit Court; *James C. Knox,* Special Judge; affirmed.

*X. O. Pindall,* for appellant.

1. The motion to quash the indictment should have been granted, because the jury commissioners excluded negroes from service on the grand jury. 177 U. S. 442; 69 Ark. 346; *Ib.* 194; 100 U. S. 339; 140 *Id.* 278; 100 *Id.* 313.

2. The petition for removal should have been granted. 69 Ark. 193; 103 U. S. 370; 162 *Id.* 596-601.

3. The change of venue should have been granted. 91 Ark. 411; 98 *Id.* 139.

4. The impeachment of the witness, Williams, should have been permitted as attempted by defendant. Kirby's Digest, §§ 3138, 2208.

*Wallace Davis,* Attorney General and *John P. Streepey,* Assistant, for appellee.

Under the ruling in 69 Ark. 346, offer to confess error.

McCULLOCH, C. J.    Appellant was indicted by the grand jury of Desha County for unlawful sale of intoxicating liquor, and on the trial of the case he was convicted. Before the trial he presented a motion to quash the indictment on the ground that he is "a colored man of the African race and is a citizen of the United States and a citizen of the State of Arkansas," and that the jury commissioners in selecting the grand jury for that term

of the court had excluded negroes from service on the grand jury. It is further stated in the motion that "in the deliberations of the accusing body in this court the same evidence introduced against this defendant was introduced against one Jesse Dougan, a white man residing in the same vicinity and in the same town as this defendant, and that the white man was not indicted, although the proof was exactly the same as in this case, and this defendant was indicted." Appellant offered evidence in support of his allegation that the jury commissioners had excluded negroes from the grand jury on account of their race, but the court refused to hear said testimony and overruled the motion. That ruling of the court is the first and principal assignment of error insisted upon here.

Counsel for appellant relies principally on the decision of the Supreme Court of the United States in *Carter* v. *Texas*, 177 U. S. 442, and the decision of this court in *Castleberry* v. *State*, 69 Ark. 346. In each of those cases it was decided that where a person of the African race was indicted for a criminal offense committed subsequent to the impaneling of the grand jury, and if before such person pleaded to the indictment he presented a motion to quash, alleging that all persons of the African race were excluded because of their race or color from the grand jury which found the indictment, and offered to introduce witnesses to prove that allegation and the court overruled the motion and refused to hear testimony in support of the allegations thereof, that such ruling constituted a denial to the accused of "a right duly set up and claimed by him under the Constitution of the United States," and called for a reversal of the judgment rendered on said indictment.

(1-2) Without going any further into the discussion of appellant's contention, it is sufficient in this case to say that the motion fails to set forth all the material facts necessary to bring it within the scope of those two decisions in that it is not alleged that the offense was committed, if committed at all, subsequent to the impaneling of the grand jury. Emphasis is laid on that point in

both of the decisions referred to. The policy of our statutes regulating procedure in the criminal courts is not to permit objections to the qualifications of those who sit on the grand jury in avoidance of an indictment. Section 2245 of Kirby's Digest, reads as follows: "No indictment shall be void or voidable because any of the grand jury fail to possess any of the qualifications required by law." Any exceptions apparent on the face of the record may be taken advantage of subsequent to the return of the indictment, but objections to the qualifications of jurors can not be made except by the challenge to the array. The Supreme Court of the United States, however, held, in the case referred to above, that where the offense was alleged to have been committed subsequent to the impaneling of the grand jury, an opportunity must then be given to raise the question of the exclusion of negroes from the grand jury in order to satisfy the provision of the Constitution guaranteeing to every person due process of law. This court in the *Castleberry* case, *supra,* merely followed the decision of the Supreme Court of the United States under a similar state of facts.

(3-4)  It should always be borne in mind that the indictment by the grand jury is a mere accusation, and that no person accused of crime is entitled to have the accusation made by any particular grand jurors or class of grand jurors. When a negro is accused of crime, if he has the right to object at all that negroes are excluded from the grand jury on account of their race he should do so at the time of the formation of the grand jury, and not thereafter. Grand juries are publicly impaneled under fixed regulations prescribed by statutes, and have general inquisitorial powers of which all persons must take notice. Those who are interested in the proceedings of the grand jury are thus publicly afforded the opportunity to make objections to the organization of the grand jury on the grounds that the list furnished by the commissioners' contains the names of persons who are not qualified, or that the jury commissioners had not followed the law in the selection of grand jurors. We are of the

opinion, therefore, that appellant did not properly raise the question of his right to object to the organization of the grand jury which returned the indictment against him.

(5)  Needless to say that there is no merit in that part of the motion which alleges that the grand jury failed to indict a white man on the same evidence on which they indicted appellant. One accused of crime can not escape punishment on the ground that another equally guilty has been permitted to escape.

(6)  Appellant also filed a motion for removal of the cause to United States District Court on the same grounds set forth in his petition to quash the indictment. The court overruled that motion and the ruling is assigned as error. The Supreme Court of the United States, in *Gibson* v. *Mississippi,* 162 U. S. 565, held (quoting from the syllabus) that ''the fact that citizens of the African race had been excluded, because of their race, from service on previous grand juries as well as from the grand jury which returned the particular indictment in the case on trial, will not authorize a removal of the prosecution under section 641 of the Revised Statutes, but is competent evidence only on a motion to quash the indictment.'' That disposes of the contention that the court erred in refusing to remove the cause to the Federal court.

(7)  It is further contended that the court erred in overruling appellant's motion to discharge the regular panel of the petit jury, but the grounds of the motion are not set out or in any manner indicated in the abstract or brief. Therefore we are not required to explore the record to ascertain whether or not the court erred in its ruling.

(8)  There was a motion for change of venue, but the court examined the persons whose affidavits were offered in support of the petition for the change and found that they were not credible persons. A perusal of the testimony of those persons convinces us that the court did not abuse its discretion in overruling the motion. Their testimony given before the court shows that they

were not possessed of sufficient knowledge to justify them in making the affidavit that appellant could not get a fair and impartial trial in the county, and the court properly found that they had sworn recklessly and without due consideration of the facts, and that they were not credible persons.

(9)  Appellant was convicted upon the testimony, principally, of a witness named Williams who was operating in that locality as a detective and who testified on the trial that he purchased whiskey from the defendant and also blackberry wine.  Appellant's counsel asked the witness on the cross-examination if he had not stated in his testimony before the grand jury that he purchased beer from appellant, as well as whiskey and wine.  The witness finally answered that he did not remember definitely, but that his recollection was that he had not made that statement to the grand jury.  Subsequently appellant offered to prove by one of the grand jurors that witness Williams, in his testimony before that body, had stated that he bought beer from the appellant, in addition to whiskey and wine.

Counsel relies upon the following statute as sustaining the right to contradict the witness in that manner: "A member of the grand jury may, however, be required by a court to disclose the testimony of a witness examined before the grand jury, for the purpose of ascertaining its consistency with the testimony given by the witness on trial."  Kirby's Digest, § 2208.  The question propounded to witness Williams on cross-examination was "whether or not he had testified that he had purchased beer in addition to whiskey and wine," and the impeachment, therefore, concerning his statement about the purchase of beer was purely collateral.  It is not proper to impeach a witness by a statement concerning collateral matters, and we will not reverse a trial court for refusing to permit it to be done.

The verdict of the jury finding the defendant guilty of the charge mentioned in the indictment is abundantly sustained by the evidence.

Judgment affirmed.