FRANKLIN v. STATE.

Opinion delivered March 9, 1908.

FOURTEENTH AMENDMENT—RACIAL DISCRIMINATION—EVIDENCE.—A motion to quash an indictment against a negro and a challenge to a petit jury, upon the ground that members of defendant's race were excluded from the grand and petit juries on account of their race, color and previous condition of servitude, were properly overruled where, although the motion and challenge were supported by defendant's affidavit, no competent evidence to support their allegations was introduced.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

HART, J.   The appellant, a negro, was convicted of murder in the second degree, and appeals to this court upon the sole ground that no negroes served upon either the grand or petit jury, and alleges that members of that race were excluded therefrom on account of their race, color and previous condition of servitude.   His motion to quash the indictment and his challenges to the panel of the petit jury upon this ground were overruled, and exceptions were saved.

The motion to quash the indictment and the challenge to the panel of the petit jury were both filed on the day the case was reached on the call of the calendar, and were duly verified by appellant.   This was not sufficient.   There must have been an offer to prove the facts alleged in the motions.

In deciding a similar question in the case of *Smith* v. *Mississippi,* 162 U. S. 599, the court said:

"The facts stated in the written motion to quash, although that motion was verified by the affidavit of the accused, could not be used as evidence to establish those facts, except with the consent of the State prosecutor or by order of the trial court. No such consent was given.   No such order was made.   The grounds assigned for quashing the indictment should have been sustained by distinct evidence introduced or offered to be introduced by the accused.   He could not, of right, insist that the facts stated in the motion to quash should be taken as true simply because his motion was verified by his affidavit.   The motion to quash was therefore unsupported by any competent evidence; consequently, it can not be held to have been erroneously denied."

This doctrine was announced in the case of *Castleberry* v. *State,* 69 Ark. 346.   In that case the defendant offered to introduce testimony in support of his motion, and the court held that it was error to overrule the motion without hearing the evidence offered as to the facts alleged.

In the present case there was no evidence offered in support of the motion.   The record shows that, after the case was called for trial, the defendant asked for time for the purpose of procuring evidence in support of his motion.   No reason is given by appellant for the delay in procuring his testimony in support

of his motions.    It was just as much his duty to prepare for trial in that respect as it was upon the merits of the case, or to give a sufficient excuse for his delay.

For this reason there was no abuse of discretion on the part of the trial judge in not granting him time, and the judgment is therefore affirmed.