### RICHARDS *v.* HOWELL.

### Opinion delivered June 11, 1917.

1.  PLEADING AND PRACTICE—FILING AMENDED ANSWER.—In the absence of a showing that he acted improperly, it is proper for the trial court to permit the filing of an amended answer.

2.  TIMBER—ACTION FOR CUTTING—COGNIZABLE AT LAW.—An action for the wrongful cutting of timber from plaintiff's land is cognizable at law, and should not be transferred to equity.

Appeal from Union Chancery Court; *James M. Barker,* Chancellor; reversed.

*Geo. M. LeCroy,* for appellant.

1. The court erred in permitting defendants to file their amended and substituted answers. The pleadings are inconsistent. 1 Ark. 66.

2. The decree is erroneous in holding that Wilson had title by adverse possession. 20 Ark. 553; 84 Minn. 4; 168 U. S. 278; 1 Cyc. 1037; 59 Ark. 626. His possession was not adverse, as he took possession by mistake. 83 Ark. 74; 59 *Id.* 626; 101 *Id.* 409; 15 *Id.* 279; 77 *Id.* 201; 80 *Id.* 444; 87 *Id.* 625; 100 *Id.* 555; 100 *Id.* 71; 72 *Id.* 498. The burden of proving adverse possession is on the one relying upon it for title. 57 Ark. 97; 65 *Id.* 422, 426; 43 *Id.* 486; 84 *Id.* 587.

3. It was error to transfer the cause to equity. This was a case for a jury and should have been tried at law.

*Aylmer Flennekin* and *Neill C. Marsh,* for appellees.

1. The defendants were properly allowed to file amended and substituted answer. This was a matter of sound discretion for the court. Kirby's Digest, § 6146.

2. Under the undisputed and overwhelming proof, Wilson had acquired title by adverse possession. Kirby's Digest, § 5056; 80 Ark. 444; 59 *Id.* 628; 1 Cyc. 307; 77 Ark. 201; 83 *Id.* 74; 100 *Id.* 71; 100 *Id.* 555.

3. The cause was properly transferred to chancery. The deed from Bostick to Richards was a cloud upon Wilson's title.

STATEMENT BY THE COURT.

S. T. Richards sued W. R. Howell and S. A. Howell under their firm name of Howell Bros., and Claud Wilson, to recover damages for maliciously and unlawfully cutting timber on a certain forty acres of land alleged to be owned by him. Howell Bros. first filed an answer in which they stated that they had purchased a tract of timber from Claud Wilson and that he had pointed out the timber on the land in question as being a part of it; that they had cut the timber from said forty acres of land before they were advised that plaintiff had any claim thereto; that on discovering their mistake, they immediately had the timber estimated and tendered to

the plaintiff its full value which he refused. Wilson at first filed an answer in which he stated that he was not advised whether or not the plaintiff Richards owned the land embraced in his complaint or not. He denied that he had cut and removed any timber from the land and denied that he sold the timber on the land to Howell Bros. Howell Bros. subsequently filed an amended and substituted answer in which they stated they purchased a large tract of timber land from Wilson and that the timber on the land in controversy was pointed out to them by him as a part of the tract so purchased. They further alleged that Wilson was the owner of said land by adverse possession for more than seven years. Wilson filed an amended and substituted answer in which he claimed title to the land on which the timber in controversy was situated by adverse possession. On motion of the defendants an order was made transferring the cause to the chancery court. The plaintiff objected to the transfer and noted his exceptions to the action of the circuit court in transferring the cause to chancery. After the case had been transferred to equity, the plaintiff asked that his vendors be made defendants and that he have judgment against them on their covenants of warranty in case the original defendants in the action were successful in asserting title under their plea of the statute of limitations.

On the part of the plaintiff it was shown that he had purchased the land on which the timber in controversy was situated from W. S. Bostick on the 10th of September, 1910, and had paid him the sum of $200 therefor; that Bostick pointed out an adjoining forty acres of land to him as the one he had purchased and he took possession of it and made valuable improvements on it before he discovered that he had settled on the wrong forty acres of land.

A deputy county surveyor testified that Wilson had him to make a survey and plat of his lands in 1910 or 1911: that Wilson claimed there were 500 acres in the

tract; that after it was discovered that Richards had built his house on the forty acres of land adjoining the forty described in his deed that he talked with Mr. Wilson about it; that Wilson first thought that the deputy surveyor had his numbers wrong; that Wilson finally told him that he thought all the land under fence was his but that if he did not have a deed to the land he did not want it. In other words, he said that he did not claim any land except that to which he had a deed.

On the other hand the defendant, Wilson, testified that he began buying up tracts of timber land until he had acquired five hundred acres in a body; that in 1901 he built a fence of three barbed wires with a plank around the bottom and had kept and maintained this fence around the land ever since; that he had built that fence to mark the boundary lines of the land he owned and to perfect his title thereto; that he did this because of the uncertainty of some of the descriptions in his deeds and that he had claimed and occupied the lands adversely ever since he had fenced them. The timber was cut from the land in 1913.

The chancellor found that Wilson had acquired title, by adverse possession, to the lands on which the timber in controversy was situated before it was cut therefrom and entered a decree dismissing the complaint of the plaintiff for want of equity. The plaintiff has appealed.

HART, J., (after stating the facts). (1) It is first insisted by counsel for the plaintiff that the court erred in permitting the defendants to file their amended and substituted answers. Counsel for the defendants claim that when the suit was first instituted they filed their answers under the mistaken belief that the plaintiff was suing them for cutting timber on the land which he had been occupying and that their employees by mistake had cut some timber from that land; that when they discovered that the plaintiff was suing them for cutting the timber on the forty acres of land which the defendant Wilson claimed title to by adverse possession, that by

leave granted by the court they filed their amended and substituted answers. There is nothing in the record to show that this was the reason the court gave them permission to file their substituted answers, but in the absence of a showing to the contrary the presumption is that the court had good reasons for granting them that permission. We have only mentioned the reasons assigned by counsel for the defendants for the purpose of showing that the original answers and substituted answers are not necessarily in conflict, and there is nothing in the record to show that the court erred in allowing defendants to file their amended and substituted answers.

It is next insisted by counsel for the defendants that the court erred in transferring the cause to equity, and in this contention we think counsel are correct. The suit filed by the plaintiff against the defendants to recover damages for maliciously and unlawfully cutting the timber from his land was an action of trespass. We have frequently held that an injunction will not lie to restrain one person from cutting the timber of another unless insolvency or some other equitable ground is shown. This is because the land owner has an adequate remedy at law and may bring an action of trespass for the unlawful cutting of this timber. *Myers* v. *Hawkins*, 67 Ark. 413; *Hall* v. *Wellman Lumber Co.*, 78 Ark. 408, and cases cited.

Defendants claim that their answers set up a defense in equity, but we can not agree with them in this contention. They set up title in Wilson by adverse possession for the statutory period of seven years. This presented an issue of fact in the action of trespass brought by the plaintiff. In other words, they sought to defend against the action of trespass by setting up title by adverse possession in themselves. They thus made an issue of fact which the plaintiff had a right to have submitted to a jury. *Suhs* v. *Homewood Rice Land Syndicate* and *Suhs* v. *Moeker and Gottschalk*, 128 Ark. 19.

Counsel for the defendants insist that Wilson had acquired title by adverse possession to the land on which the timber in controversy is situated. They claim that the deed from Bostick to the plaintiff was a cloud upon his title and prayed that it be canceled. This did not, as insisted by them, confer jurisdiction upon the chancery court. In a case note to *Tracy* v. *Wheeler,* (N. D.), 6 L. R. A. (N. S.) 516, it is stated that the courts are practically unanimous in holding that the fact that the statute of limitations has run against the right to enforce an incumbrance will not be regarded in equity as justifying its cancellation for the purpose of quieting title. This is in application of the maxim that he who seeks equity must do equity. In accordance with this maxim, Wilson would not be entitled to affirmative relief against Richards in the way of having canceled the deed which Richards received from his grantor. It is true that Wilson could obtain title to the property by holding it adversely for the statutory period and could assert the title thus acquired against every one, including Richards, the holder of the paper title. This, however, would not give him the right to go into equity and have the record title canceled as a cloud upon his title. To do so would be to grant him affirmative equitable relief against Richards from whom he had wrested the title by adverse possession and at the same time relieve him from any moral obligation of restoring the property to Richards. Besides, as we have already seen, the principal issue raised by the pleadings in this case was as to whether or not Wilson had acquired title to the land by adverse possession. If Wilson could by asking that the paper or record title of Richards be canceled as a cloud upon his title have the case transferred to equity, this would in effect enable a defendant in an ejectment suit or an action in trespass to convert the action at will from a legal to an equitable one, and that, too, without setting up any affirmative grounds for equitable interference. Neither did the fact that Richards asked for judgment

over against his grantors in case judgment was rendered against him set up any grounds for equitable interference.

The defendants claim title by adverse possession. This made an issue of fact which the plaintiff had a right to have submitted to a jury. He objected to the transfer of the cause to equity and saved his exceptions to the order of the court in transferring it. Therefore, the decree must be reversed and the cause will be remanded for further proceedings in accordance with law and not inconsistent with this opinion.