JOHNSON v. MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered June 14, 1920.

1. ATTORNEY AND CLIENT—LIEN.—In an action by an administrator for damages for wrongful death, under Kirby's Digest, § 6290, the recovery does not become assets of the estate, but is held by the administrator as trustee for the widow and next of kin, and a contract by the administrator as to counsel fees falls within the attorney's lien act (Acts 1909, No. 293).

2. ATTORNEY AND CLIENT—LIEN.—Where the administratrix of a decedent employed attorneys, agreeing that they should receive one-half of the recovery, such contract was binding, though signed by her individually, and not as administratrix, and the lien of the attorneys might be enforced against the defendant which made a settlement with the administratrix.

Appeal from Baxter Circuit Court; J. B. Baker, Judge; reversed.

Allyn Smith, for appellants.

1. Appellants were entitled to a lien and the administratrix was personally liable. K. & C. Dig., § 225, Acts 1913, p. 511, has not changed the rule in 61 Ark. 410, 33 S. W. 530.

2. The suit having been brought by Jo Johnson and Sizer & Gardner, attorneys of record, the railroad company was bound to know that Kathern King was liable for the fee, and extrinsic evidence was admissible to

show how she signed and in what capacity she did sign. 50 Kan. 96; 127 U. S. 597; 105 *Id.* 416; 104 *Id.* 93; 5 Wheaton (U. S.) 326; 2 Iowa 77.

3. It appears from the complaint that Kathern King was the surviving widow and that there were no children and she waged this suit for her sole benefit and that the suit as administratrix was for her sole benefit. 38 Ark. 139-150. The contract was binding on the railroad company. 38 Ark. 147, 150.

*Troy Pace,* for appellee.

The railroad was not liable under the act, 293, Acts 1909, for the fee in a suit by the administratrix, King. 120 Ark. 394; 69 *Id.* 406; 127 U. S. 597; 105 U. S. 416; 102 *Id.* 658; 104 *Id.* 30, 93. The case in 61 Ark. 410 has no application. An exhibit is not a part of the pleading, and a demurrer does not admit the truth of the statements contained in the exhibit. 53 Ark. 479; 37 *Id.* 543; 34 *Id.* 554. A person suing in a representative capacity is in law a different person from one in a personal capacity. 5 Ark. 52. The petition was properly dismissed.

HUMPHREYS, J. Kathern King, administratrix of James E. King, deceased, by appointment of date August 4, 1917, instituted suit, through her attorneys, Jo Johnson and Sizer & Gardner, against appellee on June 6, 1918, in the Baxter Circuit Court, to recover damages in the sum of $50,000 for the sole benefit of herself as surviving widow, there being no children, on account of the alleged negligent killing of her husband, James E. King, in August, 1917, by appellee, while in its employ, as engineer.

On August 29, 1918, the appellants filed an intervention in the suit, alleging that appellee settled with their client for $8,500, and that, by the terms of their contract, attached to the intervention, they were entitled to a lien for one-half the amount, or $4,250, with interest, against appellee's railroad, under act 293, Acts of the General

Assembly of 1909. The contract attached to the intervention as "Exhibit A" provided in substance, for the employment of Jo Johnson and such assistants as he might deem necessary, to collect Kathern King's claim, by settlement or suit, against appellee, on account of injuries received by her husband while in its employ, which resulted in his death, for one-half of the amount recovered, after deducting expenses incident to the collection. The contract was signed at Cotter, Arkansas, by Mrs. Kathern King. It was alleged in the intervention that, while the contract was signed by Mrs. Kathern King, individually, the employment was by her in her capacity as administratrix, as shown by the correspondence with her attorney, Jo Johnson.

A demurrer to the intervention was filed, sustained, and the intervention dismissed, from which judgment an appeal was duly prosecuted to this court.

The first question presented by this appeal is whether the Attorney's Lien Statute, act 293 of the Acts of the General Assembly of 1909, has application to a suit by an administrator for the benefit of the next of kin. It was ruled in *Carpenter v. Hazel,* 128 Ark. 416, that "this statute has no application to suits by an administrator for the benefit of an estate of the decedent, for to give it that effect would constitute an invasion of the exclusive jurisdiction vested in the probate courts by the Constitution," referring to the exclusive jurisdiction of the probate courts to authorize contracts for and distribute funds of the estate. The rule there announced has no bearing in a suit by an administrator for the benefit of the next of kin, brought under section 6290 of Kirby's Digest, fashioned after Lord Campbell's Act, because the funds collected do not become assets of the estate. Such funds are in the nature of trust funds held by the personal representative in trust for the next of kin, and not subject to distribution by the probate court. In construing section 6290 of Kirby's Digest, this court said, in the case of *Little Rock & Fort Smith Railway v. Townsend,* 41 Ark. 382, that "the judgment, though recov-

ered in the name of the personal representative of the deceased, does not become assets of the estate. The relation of the administrator to the fund, when recovered, is not that of the representative of the deceased, but he is a mere trustee for the widow and next of kin.'' This construction of the statute was approved in the later case of *Davis* v. *Railway,* 53 Ark. 117. It follows that the Attorney's Lien Statute applies to suits by administrators for the benefit of the next of kin. Attorneys may, therefore, make binding contracts with administrators representing the next of kin for fees, enforceable by a lien proceeding under act 293, Acts of the General Assembly of 1909.

The sole remaining question to be determined is whether appellee can be held liable under the Attorney's Lien Statute aforesaid by Kathern King's attorneys, the appellants herein, on account of a settlement of the case brought by them for her, in her capacity as administratrix, for the benefit of the next of kin of the deceased, under a contract or agreement for fees, signed by Mrs. Kathern King. It is contended by appellee that such a contract did not, and could not, bind Kathern King in her representative capacity; that it only bound her in her individual capacity; that appellee's settlement with her was in her representative capacity and that her outstanding contract for fees with her attorney, in her individual capacity, could not render appellee liable on account of a settlement with her in her representative capacity. Kathern King was appointed administratrix of James E. King, deceased, on August 4, 1917. The contract in question was entered into on October 18, 1917, and the suit, which was settled, was brought by the attorneys in the name of Kathern King, as administratrix of James E. King, deceased, on June 6, 1918. The subject-matter covered in the contract was a cause of action in favor of Mrs. Kathern King against appellee for personal injuries received by her husband, James E. King, while in its employ, resulting in the loss of his life. She had no individual cause of action against the railroad. Her only cause

of action was on account of her kinship to the deceased. She had been appointed administratrix of her deceased husband at the time she made the contract. The contract, therefore, could only have been made in reference to her cause of action as administratrix for her benefit as widow. Not having any right to sue except in her capacity as administratrix, the contract she made must necessarily have been made in reference to her cause of action in that capacity. If she had had a cause of action in her individual capacity as well as her representative capacity, then there would be much in the contention of appellee. Having a right to sue in one capacity only, and that being her representative capacity, her contract to bring the suit was necessarily referable to the institution thereof in her representative capacity. The suit was brought by her attorneys for her in that capacity, and appellee, in settling with her in that capacity, recognized whatever rights her attorneys had in the subject-matter of the litigation growing out of the institution of the suit.

For the error in sustaining the demurrer to the intervention and dismissing same, the judgment is reversed and the cause remanded with direction to overrule the demurrer to the intervention and for further proceedings not inconsistent with this opinion.