JOHNSON *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered July 4, 1921.

1. ATTORNEY AND CLIENT — RIGHT TO DISCHARGE ATTORNEY.—A client has an unqualified right to control her litigation and to discharge her attorney, but she could not discharge his lien by his wrongful discharge after the action was instituted to recover on the claim.

2. ATTORNEY AND CLIENT — COMMENCEMENT OF LIEN.—An attorney's lien on his client's cause of action, under Crawford and Moses' Dig. § 629, begins only from the institution of the action; and, unless there is an action instituted by authority of the client or upon ratification by the client, there is no lien.

3. TRIAL—DISCRETION TO REFUSE ADDITIONAL INSTRUCTION.—In the absence of any showing of its abuse, the trial court had a discretion to refuse to give an additional instruction after the argument of the case had begun.

4. TRIAL — INSTRUCTIONS — WEIGHT OF EVIDENCE.—Instructions requested by the plaintiff which imposed upon the defendant the burden of establishing her defense by a "fair" preponderance of the evidence were properly modified by striking out the word "fair."

5. ATTORNEY AND CLIENT — DEGREE OF DILIGENCE.—Failure of an attorney to exercise reasonable diligence in prosecuting his client's cause will justify the client in discharging him, and an instruction which based the client's right to discharge on the exercise of gross negligence on the attorney's part was properly refused.

6. TRIAL — SPECIAL VERDICT.—Refusal of the trial court to require a special verdict in a case will not be ground for reversal unless there has been a clear abuse of the court's discretion.

Appeal from Baxter Circuit Court; *John B. Baker,* Judge; affirmed.

*Allyn Smith,* for appellant.

(1)    Intervener, as attorney for Mrs. King, had a right to control the course of action, and, in absence of direction to the contrary, may take a nonsuit.  11 Ark. 232.

(2)    It was error to refuse to instruct that intervener's negligence in the prosecution of the claim in controversy must be established by the "fair" preponderance of the evidence or beyond a reasonable doubt. 11 Ark. 228.

(3)    It was abuse of discretion to refuse to submit requests for a special verdict.

*Thomas B. Pryor* and *Samp Jennings,* for appellee.

A client is justified in dissolving the relation with his attorney whenever he ceases to have confidence in his integrity or judgment. 136 Cal. 170; 155 Iowa 312; 219 N. Y. 170; 205 N. Y. 398.   Mrs. King had control and disposition of this lawsuit. 66 Ark. 197; 117 Ark. 104; 120 Ark. 389.

McCULLOCH, C. J.   James E. King, a locomotive engineer employed by appellee, was killed while serving in the line of his duty as such engineer for appellee, and his widow was appointed administratrix of the estate and instituted suit to recover damages for the benefit of herself, as widow, on account of the alleged negligence which caused the death of said decedent; and she entered into a written contract with appellant as her attorney to prosecute the litigation and agreed in the contract to pay him as compensation for his services one-half of the amount recovered after deducting expenses incident to the prosecution of the litigation.

Appellant instituted an action for his client, Mrs. King, as administratrix, first in Lawrence County, on October 31, 1917, and dismissed it on March 13, 1918, and brought a second action in the circuit court of Independence County on the same day or the day thereafter.

This action was dismissed by the Independence Circuit Court for want of prosecution, and appellant on April 23, 1918, brought a new action for Mrs. King in the circuit court of Marion County. This action was also dismissed, and appellant on June 3, 1918, instituted a new action for Mrs. King in the circuit court of Baxter County. Mrs. King subsequently dismissed this action, claiming that she had previously discharged appellant from her employment and employed other attorneys through whom a settlement was negotiated and consummated whereby appellee paid to Mrs. King as such administratrix the sum of $8,500 as a compromise of her claim. Appellant filed his intervention at the next term of the Baxter Circuit Court in which he set forth his claim for one-half of the amount of the compromised settlement between appellee and his *quondam* client and prayed that the dismissed action be reinstated, and that he have judgment against appellee under the statute which gives a lien to attorneys. Crawford & Moses' Digest, § 628. Appellee filed a demurrer to the intervention, which was sustained by the trial court, but on appeal to this court it was held that the demurrer was improperly sustained, and the cause was remanded for further proceedings. *Johnson* v. *Missouri Pacific Railroad Company,* 144 Ark. 469. On the remand of the cause appellee answered setting forth, in substance, that appellant had been discharged by Mrs. King on account of negligence in failing to prosecute her claim with diligence, and that the action instituted by appellant for Mrs. King in the Baxter Circuit Court was without authority from her, and that therefore the court had no jurisdiction to entertain appellant's claim. Appellant filed a demurrer to the answer and also a motion to make more definite and certain and to strike out certain portions of the answer, all of which were overruled by the court, and the cause proceeded to a trial before a jury, which resulted in a verdict in favor of appellee.

The case was tried below on the theory that appel-

lant was entitled to recover one-half of the amount of the compromise settlement between appellee and Mrs. King according to the terms of the contract, unless he was rightfully discharged by Mrs. King on account of negligence in failing to prosecute her claim with diligence, or unless the action in the Baxter Circuit Court was unauthorized.

Appellant requested certain peremptory instructions on the ground that the evidence was insufficient to justify a submission of the issues to the jury, and, after those instructions were refused, he requested the following instructions, which the court gave:

"1.  Gentlemen of the jury, this is an action by the plaintiff, Kathern King, as administratrix of the estate of James E. King, deceased, against the defendant, Missouri Pacific Railroad Company and Jo Johnson as intervener, in which the intervener, Jo Johnson, alleges that the plaintiff, Kathern King, employed him to represent her as her attorney in the collection of her claim for damages against the defendant railroad company for the death of her husband, James E. King, agreeing to pay him for his services as such attorney one-half of the amount recovered after deducting the expenses incurred in the collection of said damages; to these allegations the defendant's answer and its response admits that the plaintiff employed the intervener as alleged and as set forth in the contract attached to his petition as exhibit 'A', but deny that intervener performed his duty as such attorney in the settlement of such claim, as a diligent, prudent and careful attorney should; and that, by reason of his carelessness and neglect in the diligent prosecution of said claim to final settlement, plaintiff discharged said intervener as her said attorney and employed other attorneys.  These allegations and denials raise the issues to be determined by you."

"2.  You are instructed that it is admitted that the intervener was employed as such attorney by the plaintiff, Mrs. Kathern King, that he was later discharged by

such plaintiff, and that thereafter the cause of action was settled through other attorneys, and upon these admissions your verdict should be for the intervener unless you further find that the discharge of the intervener was justified as hereinafter set out.''

''4. You are further instructed that, unless you believe from a fair preponderance of the evidence that the intervener was negligent and careless in the prosecution of the claim in controversy to settlement as alleged in defendant's response, and that he failed to prosecute the same as a prudent, careful attorney should, then your verdict should be for the intervener. However, the burden in the whole case is upon the intervener.''

''5. You are further instructed that under the law when an attorney accepts a contract of employment from a client, he impliedly agrees to prosecute the cause with due and reasonable diligence; and if you believe from a fair preponderance of the evidence in this cause that the intervener, Jo Johnson, failed and neglected to diligently prosecute the claim in controversy to settlement, and that by reason of such neglect and failure the plaintiff discharged him as her attorney, or that at the time of the filing of the suit against the defendant railroad company in the Baxter Circuit Court by said intervener, that he was acting without authority of employment from plaintiff, then your verdict should be for the defendant.''

The court modified instructions number 4 and 5 by striking out the word fair as it appears in each instruction preceding the words ''preponderance of the evidence.'' Other instructions were given by the court of its own motion in harmony with those copied above.

The first contention is that the evidence was insufficient to sustain the verdict. Appellant and Mrs. King were each introduced as witnesses and testified concerning the transactions and correspondence between them. There was a conflict in their respective statements. Mrs. King testified that when she met appellant at Yellville

while the cause was pending in the circuit court of Marion County and the court was then in session, she discharged appellant from her service and also testified that the action in the Baxter Circuit Court was instituted by appellant without her knowledge or consent. Appellant testified that he had a conversation with Mrs. King at the railroad station at Yellville upon his arrival there to attend court, but he denied that she discharged him from her service. He testified that the action then pending in that court was dismissed by the court on motion of counsel for appellee on account of it being in violation of an order issued by the Director General of Railroads, and that, pursuant to agreement with Mrs. King and with her knowledge, he brought the action in the circuit court of Baxter County. He also testified to the receipt thereafter of letters from Mrs. King, which established the fact that she approved and ratified the institution of that action, even though she had no knowledge at the time of the institution of the action that it was to be begun. It is argued that these letters which were introduced in evidence show conclusively that Mrs. King ratified the institution of the action in the Baxter Circuit Court. Mrs. King at first denied that she wrote the letters, but later, when they were presented to her on cross-examination, she qualified this statement by saying that she did not remember whether she had written them or not. These letters tend to show that Mrs. King still regarded appellant as having authority to proceed with the collection of her claim against appellee, but nowhere in either of the letters is there any reference to the pendency of the suit in the Baxter Circuit Court or elsewhere, and Mrs. King testified positively that she had no knowledge of the institution of that action. Those letters were dated respectively June 18, 1918, and June 25, 1918. On July 15, 1918, and on a still later date Mrs. King wrote to appellant notifying him that he was not authorized to represent her in any litigation for the collection of the claim. We are of the opinion that it was a question for

the jury to decide whether or not Mrs. King knew of the institution of the action in the Baxter Circuit Court or whether she subsequently ratified the institution of the action. The testimony was sufficient to warrant a submission of the issue whether or not appellant's discharge by his client was rightful, and whether or not he was guilty of negligence in failing to prosecute her claim with proper diligence. Mrs. King had an unqualified right to control her own litigation and to discharge her attorney (*St. L., I. M. & S. Ry. Co.* v. *Blaylock,* 117 Ark. 504; *St. L., I. M. & S. Ry. Co.* v. *Hays & Ward,* 128 Ark. 471), but she could not displace the attorney's lien by his wrongful discharge after the action was instituted to recover on the claim. The statute provides that the compensation of an attorney shall be governed by agreement, and that the attorney who appears for a party has a lien on the cause of action from the commencement of the action "which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosesoever hands they may come; and the lien can not be affected by any settlement between the parties before or after judgment or final order." Crawford & Moses Digest, § 628. The statute also provides that the lien created by the act shall be determined and enforced by the court "before which said action was instituted, or in which said action may be pending at the time of settlement, compromise or verdict." Crawford & Moses' Digest, § 629.

It will be observed that the lien begins only from the institution of the action, and unless there is an action instituted by authority of the client or upon ratification by the client there is no lien. Thus the two issues were submitted to the jury in this case, whether appellant's discharge was rightful or wrongful, and whether or not he was authorized to institute the action in the Baxter Circuit Court. Appellant complains now that the court failed to submit to the jury the issue of ratification by his client of the institution of the action in the Baxter Cir-

cuit Court. He did not ask the court at the proper time
to give such an instruction. Instruction number 5,
quoted above, was given at the instance of appellant after
the word "fair" was stricken out, and appellant has no
right to complain of the failure of the court to incorpo-
rate in'that instruction the issue of alleged ratification.
It is true that the record shows that appellant during
the argument of the case before the jury asked the court
to give an instruction on that subject. The record re-
cites that during the argument of the case appellant's
attorney made the following request: "In view of the
argument of counsel for defendant that Jo Johnson, in-
tervener herein, was discharged at Yellville and that the
court was without jurisdiction, we ask this court to in-
struct the jury that a client may approve and ratify the
action of her attorney, even though such act is without
the knowledge of the client; and such act of the attorney
when approved and ratified has all the validity of an act,
which, when performed, has the approval and direction
of the client." There is nothing in the record to show
what use was being made by counsel for appellee of the
instructions of the court. According to the words of ap-
pellant's counsel, they were merely arguing that the court
was without jurisdiction, which they clearly had a right
to do under the issues presented to the jury, and this does
not show abuse of discretion by the court in refusing to
give new instructions at that stage of the trial. State-
ment of counsel, however, does not make a record of
what actually was said by the opposing counsel. The
court does not certify in the bill of exceptions what the
argument of counsel was. That which is quoted above
is merely the statement of attorneys for appellant, and
if the opposing counsel were in fact making an illegiti-
mate argument upon the instructions given by the court
or were making an argument which was calculated to
mislead the jury and cause it to ignore the question of
ratification, they ought to have shown this by a proper
recital in the bill of exceptions. We have nothing be-

fore us except the statement of counsel themselves. The court may have refused the instruction on the ground that no such argument had been made by counsel. At any rate it was a question of discretion with the court as to whether or not the additional instruction should be given in the midst of the argument, and we can not say there was any abuse of that discretion in this respect.

It is insisted that the court erred in striking out the word "fair" from the instructions requested by appellant in regard to the preponderance of the evidence, but we are of the opinion that there was no error in that regard.

It is also contended that the court erred in refusing to give an instruction which would have told the jury, in substance, that the neglect of duty or want of diligence which would justify an attorney's discharge was "that degree which the law designates as gross negligence, that is, such management on his part must show a reckless disregard of his duties as an attorney or a dense ignorance of the law governing the conduct of such litigation." Counsel for appellant claim that this requested instruction was given under the rule announced by this court in *Pennington* v. *Yell,* 11 Ark. 212. That was an action instituted against an attorney by his client to recover damages on account of alleged negligence in prosecuting the client's cause and the court laid down the following rule: "Reasonable diligence and skill constitute the measure of an attorney's engagement with his client. He is liable only for gross negligence or gross ignorance in the performance of his professional duties; and this is a question of fact to be determined by the jury * * *." In the present case the trial court followed this rule substantially in the statement to the jury that the client's right to discharge appellant as her attorney was dependent upon the question whether or not he was prosecuting her cause with diligence or was guilty of negligence in failing to do so. In the fifth instruction which the court gave at appellant's request the

law was stated to be that an attorney when he accepts employment from his client "impliedly agrees to prosecute the cause with due and reasonable diligence; and if you believe from fair preponderance of the evidence in this case that the intervener, Jo Johnson, failed and neglected to diligently prosecute the claim in controversy to settlement, and that by reason of such neglect and failure the plaintiff discharged him as her attorney, or that at the time of the filing of the suit against the defendant railroad company in the Baxter Circuit Court * * * that he was acting without authority of employment from plaintiff, then your verdict should be for defendant."

Whatever the degree of diligence may be found necessary to establish the liability of an attorney to his client for damages, there can be no doubt of the right of a client to discharge an attorney who fails to prosecute the cause with reasonable diligence, for that is clearly the measure of an attorney's duty to his client. Any other rule would require a client to retain an attorney who was neglecting the cause and failing to proceed with proper diligence. We think that there was no error of the court in refusing to apply the rule of gross negligence as a condition upon the right of Mrs. King to discharge her attorney.

Appellant requested the court to direct the jury to return a special verdict upon six separate interrogatories, some of which related to questions of law and the others related to matters of fact. The statute (Crawford & Moses' Digest, § 1303) provides that the court may require a jury to return a special verdict and to find specially upon particular questions of fact to be stated in writing. It is discretionary with the court whether or not such special verdict shall be required, and this court will not disturb the exercise of that discretion by the trial court unless there has been a clear abuse of it. *Little Rock & Fort Smith Ry. Co.* v. *Pankhurst,* 36 Ark. 371. Certainly it can not be said in this instance that there was an abuse of discretion where the request contained

interrogatories which related to matters which were not in any event proper to be submitted to the jury.

There are other assignments of error which we do not deem of sufficient importance to discuss. After careful consideration, we are of the opinion that there was no error committed in the course of the proceedings below, and that there was evidence legally sufficient to sustain the findings in the verdict. The judgment is, therefore, affirmed.

WOOD and HUMPHREYS, JJ., dissent.