CHALKLEY *v.* HENLEY.

Opinion delivered December 10, 1928,

*Golden* *Blount* and *Brundidge* & *Neelly,* for appellant.

*Bogle* & *Sharp,* for appellee.

MEHAFFY, J. On the 11th day of December, 1927, J. G. Howard sold to the appellee 160 acres of land in Monroe County for the sum of $6,400, payable in annual installments, $1,000 to be paid on or before December 1, 1918, $1,000 one year thereafter, another $1,000 one year after that, $1,700 in 1921, and $1,700 in 1922. The land purchased is described as follows: the northeast quarter of section 7, township 3 north, range 2 west, in Monroe County, Arkansas.

The parties entered into an agreement in writing, showing the sale of the land, the execution of the notes, which were to bear interest at the rate of 7 per cent. per annum from date, interest payable annually, and from maturity at the rate of 10 per cent. per annum. The contract provided: "It is agreed that, when the buyer has paid $1,000 of the principal on the contract and the interest due up to that date, he has the option to have this contract annulled, and the seller agrees to make a warranty deed to said property, retaining a vendor's lien for the balance of the unpaid purchase price."

It was also agreed that time was of the essence of the contract, and after the buyer failed to pay, the seller had the option either to declare the entire balance of the purchase price due or rescind the contract. And, in case of rescission, all moneys paid by the buyer were to be taken and retained as rent.

The contract also provided for a lien on one-half of all the crops grown on the land each year during the life of the agreement.

The appellee paid the first $1,000 note and the interest due up to that time, but did not make any further payments. This contract was made in December, 1917, and, so far as the record shows, no effort was made to collect until February, 1927, when suit was filed by appellant to

foreclose the lien for the purchase money. This was nearly ten years, and, according to the contract, the last payment was due in 1922.

Appellee filed answer and cross-complaint, alleging that appellee was entitled to a deed when he paid the first $1,000 and interest, but that the seller failed and refused to execute a deed as provided in the contract. Appellee alleged that because of this failure he was damaged in the sum of $5,600, because he had contracted to sell the land for $75 per acre, and in his cross-complaint he asked judgment for the $5,600. He further alleged that the seller agreed to give an abstract showing a good title to said lands, and failed to comply with this part of the contract, in that no abstract was furnished. He further alleged that he had made valuable improvements on the land; had expended $2,609.25, and asked that, if the court should hold that he was not entitled to the profits, he was entitled to recover the $1,448 which he had paid on the lands, together with the amount or value of the improvements put on the land.

Appellee asked that he have judgment against the appellant, and that the same be declared a lien on the land, and that the land be sold to pay said judgment.

This cross-complaint was filed on the 25th day of April, 1927. The appellant never filed any answer to the cross-complaint, and no steps were taken to bring the case to trial by either party, and on February 6, 1928, one year after the suit was filed, the court dismissed the cause for want of prosecution. The clerk, soon thereafter, wrote to Mr. Blount at Searcy, Arkansas, attorney for appellant, that the cause was dismissed, and he also inclosed a copy of the cross-complaint. There is nothing appearing in the record to show that the cross-complaint was dismissed, except appellee's attorney asked that the order dismissing the cause be set aside, so that he could go to trial on his counterclaim. This occurred on the 2d day of April, 1928. He asked that the court vacate and set aside the order made at the February term dismissing said cause, and stated as his reasons

that he had filed a cross-complaint and had his witnesses present at court to substantiate the merit of same. The court had overlooked the filing of the cross-complaint, and found that he had filed a cross-complaint in February, 1928, and that the cause should not have been dismissed until defendant's cross-complaint was disposed of. The court thereupon vacated and set aside the order dismissing the cause, and gave the defendant an opportunity to prosecute his cause of action upon his cross-complaint, and the defendant announced ready to go to trial on his cross-complaint, and the court thereupon proceeded to trial.

The court found that complaint was filed in February, 1927, cross-complaint in April, 1927, and that since that time the court had held both regular and adjourned terms of court as follows: February, 1927, regular term; April 4, 1927, adjourned term; April 5, 1927, adjourned term; June 6, 1927, regular term; July 27, 1927, adjourned term; October 3, 1927, regular term; December 12, 1927, adjourned term; and February 6, 1928, regular term; and that neither the plaintiff nor any attorney representing him had appeared at either of said terms, and that the cause was dismissed at the February term of court for failure to prosecute. That the plaintiff had failed to plead, answer or demur to the cross-complaint, and that his time for so doing had long since passed.

The court further found that they entered into the contract, and gave judgment against the appellant for $1,448, the amount appellee had paid him, and for the sum of $2,925 for repairs, and found that said repairs were completed February 1, 1928.

The court further found that defendants had expended $600 in clearing in August, 1918, and paid taxes on the land for 1918 and 1919, amounting to $352.98, and gave judgment for the above amount, with 6 per cent. interest, less the rental value of said land for 1918 to date, which he found to be $3,160, leaving a balance due, according to the finding of the court, of $3,849.12.

The court canceled the notes of Hensley, and, after the evidence had been heard and the cause submitted to the court on defendant's cross-complaint, counsel for plaintiff appeared in court and asked the court to set aside the orders it had made and permit him to file an answer and continue the cause to a future date, which motion the court denied, and the plaintiff saved his exceptions.

The motion to set aside the judgment, entered on the 2d day of April, 1928, stated, among other things, that plaintiff had never been advised that defendant was ready to try said cause upon the cross-complaint; never been notified to taken any depositions; and that on the 14th day of February, 1928, his attorneys were advised by the clerk of the court that the cause had been dismissed for want of prosecution, and advised that the next term of court would be the first Monday of April, 1928. That plaintiff's attorney left Searcy for Clarendon on the 2d of April, but had car trouble and did not reach there until about 10 a. m., and then asked to be permitted to put the matter over and to introduce proof to rebut the testimony of the defendant. He further stated that he had a good defense to the cross-complaint; that he had at no time failed or refused to deliver deed; that appellee could not have been damaged by the loss of a sale of property, and that he had not made the improvements he claimed, and, if he was given an opportunity, he could show that appellee was not entitled to any damages. He further stated that he is a nonresident of the State, and his attorney resided at Searcy.

The appellant contends that the court erred in setting aside the judgment dismissing the cause for want of prosecution and in proceeding to hear it upon the cross-complaint of defendant without notice to appellant or his attorney; that the attorney had received a letter from the clerk notifying him that the cause had been dismissed, and that, if he desired to do so, he could appear there on the 2d day of April, when court would meet, and ask the court to set aside the judgment.

The undisputed proof shows that no action whatever was taken by the appellant or his attorney for about a year after he filed his complaint. While it is true that the attorney that originally filed the complaint moved to California, yet his partner remained at Searcy, and no steps were taken and no communication had with the clerk of the court or any one else, in order to ascertain what pleadings, if any, had been filed by the opposite party, and it was within the power and discretion of the court to dismiss the cause for failure to prosecute. It was also within the discretion of the court to permit a trial on the counterclaim without continuing the cause to give plaintiff an opportunity to get witnesses. He had a copy of the cross-complaint on the 14th of February. He not only did not make any effort to take any testimony, but did nothing with reference to the suit, according to his own proof, until the second day of April, and then got to court after the case had already been tried and submitted to the court. We think the conduct of the parties was such as justified the court, in the exercise of its discretion, to dismiss the cause.

"As a court may dismiss an action for want of prosecution, so it may in its discretion vacate or refuse to vacate an order of dismissal, and such order will not be reversed by the Supreme Court on appeal, unless there has been a manifest abuse of discretion." 9 R. C. L., 210.

Courts are bound to have some rules and to regulate the procedure. The disposing of the business in the courts would be impossible unless the trial courts had some power to regulate the procedure and to fix the time of the trial of cases. An order dimissing a case for want of prosecution, granting or refusing a continuance, setting aside an order dismissing a case for want of prosecution, will not be reversed by the Supreme Court unless there is a manifest abuse of discretion.

In this case we do not think there was any abuse of discretion. There are many things the trial court may do, such as we have suggested above and others, that will not be reversed by this court unless there is an abuse of

discretion. See *Richards* v. *Howell,* 129 Ark. 390, 196 S. W. 483; *C. H. Robinson Co.* v. *Hudgins Produce Co.,* 138 Ark. 500, 212 S. W. 305; *Johnson* v. *Mo. Pac. Ry. Co.,* 149 Ark. 418, 233 S. W. 699; *Franklin* v. *State,* 85 Ark. 534, 109 S. W. 298; *Central Coal & Coke Co.* v. *Graham,* 129 Ark. 550, 196 S. W. 940; *Holub* v. *State,* 130 Ark. 245, 197 S. W. 277.

This court has also held that one may lose his right by the negligence of his attorney, and it is said, in the absence of fraud or unfairness, one is concluded by the acts or omissions of his attorneys. He is entitled to no equitable relief. *Scroggin* v. *Hammett Grocery Co.,* 66 Ark. 183, 49 S. W. 820; *Blackstad Mercantile Co.* v. *Bond,* 104 Ark. 45, 148 S. W. 262.

After a careful consideration of the entire record, we are of opinion that the court did not abuse its discretion in refusing to continue the case and permit appellant to file answer to the counterclaim and take proof

Learned counsel for appellant have called our attention to quite a number of authorities, but most of them are cases where there was a misunderstanding without negligence, or where there was an unavoidable casualty. Neither of these questions is in this case.

It is next contended that appellees were not entitled to any damages at any time, and if they had had a cause of action any time, it was barred by laches. The claim for damages is based on an alleged violation of the contract by appellant refusing to execute a deed. In the first place, the evidence does not show that there was any refusal on the part of the appellant or that demand was made of him. In the next place, if all that appellee claims is true, he could not have been damaged thereby. If he had a purchaser, a person who wished to buy the land, appellee had the contract and receipt showing that he had made one payment, and could have transferred that contract, which would have been as binding as a deed retaining a lien would have been; or he could have compelled the appellant to make him a deed. But, even if he should have done none of these things, that alleged

breach of contract occurred, according to the proof and the finding of the court, in 1918. Nothing was said about it to appellant or any one else. No claim of damages was made by appellees until the filing of their cross-complaint in April, 1927, about nine years, and his claim therefore for damages because of his breach of contract was barred long before suit was begun.

The appellees also claim, and the court allowed, $2,009.25 for repairs, and it is expressly stated that these repairs were completed prior to February 1, 1918. Certainly it was too late to bring a suit on this claim after nine years, when no claim had been made, no effort to collect it, and nothing whatever said about it. The same is true about the $600 item.

Appellees also claimed and were given judgment for $352.98 for taxes paid in 1918 and 1919. This item is likewise barred, but, if it were not barred, if the contract is canceled, appellees would not be entitled to recover this item, because they were at the time in possession, receiving the rents and profits from the land on which they claimed to have paid taxes.

We are therefore of opinion that the appellees are not entitled to any of the items allowed by the chancellor, not having made any claim for any of them until after suit was filed to foreclose the lien for the purchase money.

The chancellor allowed the $1,440 which appellee had paid, and gave judgment for that amount, and found that the rental value of the property was $3,160, leaving a balance of $3,849.12 against the appellant. The appellant is not entitled to rent, and the appellee is not entitled to any of the items allowed him. The appellee is not claiming the land. In fact, he asks that he have judgment against the appellant, and that it be declared a lien on appellant's land.

We have reached the conclusion that the chancellor's finding as to the dismissal of the complaint and to refusal to permit appellant to file an answer to the cross-complaint and continue the case, was within the discretion of the chancery court, and should be affirmed.

The decree of the chancery court dismissing plaintiff's case for want of prosecution and finding against him on that being affirmed, it follows that his order canceling the notes should be affirmed, and that the case should be reversed as to his finding any amount in favor of the appellees, and finding rent in favor of the appellants.

The decree of the chancery court is therefore reversed, and remanded with directions to enter a decree in accordance with this opinion, and that he should not only cancel the notes, but the contract of sale, so that the appellant may have his land. Appellees are not required to pay rent, because it appears that the claim for improvements and expenditures is approximately equal to the rental value for the place at the time it was held by appellees, and appellant could at any time, after default of the payment of any installment, have brought suit to foreclose.