Gary Don BEASLEY *v.*
STATE of Arkansas

CR 74-175                                  522 S.W. 2d 365

Opinion delivered May 12, 1975

*Alfred J. Holland,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Gary Don Beasley, was charged with the crime of rape, and on trial, was convicted by a jury, and his punishment set at three years confinement in the Department of Correction. From the judgment so entered, appellant brings this appeal. For reversal, three points are asserted, which we proceed to discuss.

It is first contended that the court erred in refusing to consider appellant's motion to quash the petit jury panel.

On May 23, 1974, counsel for Beasley filed a motion to

quash the jury panel, on the basis that Ark. Stat. Ann. § 39-209 (Supp. 1973) had not been complied with. That section, dealing with the procedure in drawing for petit jurors, provides *inter alia:*

"As the names are drawn they shall be recorded in the same order by the circuit clerk in a book to be provided for that purpose. If the name of any person known to have died, or to be disqualified under Section 2 (§39-102) of this Act, shall be drawn, said name shall be put aside and not used and a notation of the discarding of the name and the reason therefor shall be made in the jury book."

The motion sets out that, contrary to the statute, the circuit clerk recorded the names on a yellow legal pad, such names never being recorded in a book provided for that purpose as required by the aforementioned statute. A copy of the pad was offered in evidence. Apparently, this motion was not presented to the trial court until the day of the trial (May 28), at which time the record reflects the following:

"(PRIOR TO VOIR DIRE EXAMINATION OF JURORS):

MR. HOLLAND: We have a motion to present, to quash the jury panel.

COURT: Mr. Holland, this is Case 9855, which was lodged in this Court the 16th day of August, 1973, and on the 10th day of December, 1973, you appeared in this Court with your client and waived formal arraignment and entered a plea of Not Guilty. Subsequent to that, on the 12th of December, 1973, you petitioned the Court for a continuance, and the Court granted that continuance to you at that time.

MR. HOLLAND: When?

COURT: On the 12th day of December, 1973.

MR. HOLLAND: A motion for continuance?

COURT: You made an oral motion for continuance before this Court which the Court granted on your motion.

On the 20th day of May, 1974, this Court appeared here for the purpose of arraignment, for the purpose of hearing motions and other matters preliminary to trial, and the Court was advised at that time this matter was ready for trial and would be tried at this particular term of Court.

This morning the Court is presented with a motion to quash the petit jury panel, and the Court finds, you being familiar with the fact the Court does pass upon matters of this nature on the first day of the Court, defense has not timely filed this motion, and the Court is going to deny it.

What says the State?

MR. PEARSON: State is ready.

COURT: And the defendant?

MR. HOLLAND: Defendant is ready."

In support of his contention that error was committed, appellant cites *Ware* v. *State*, 146 Ark. 321, 225 S.W. 626, where this court, citing an earlier case,[1] said that a challenge to the panel of the petit jury could be made and filed on the day the case was called for trial. *Ware* was decided in 1920. Appellant also cites *Shelton* v. *State*, 254 Ark. 815, 496 S.W. 2d .419, where we cited an earlier case, stating:

"In Horne v. State, 253 Ark. 1096, 490 S.W. 2d 806 (1973), we held that, due to the many successful attacks that were being made upon our jury selections in post conviction proceedings prior to Acts 1969, No. 568, we could not construe the Act as directory - i.e., the procedure therein outlined is mandatory *when the challenge is made at the proper time.*" [Our emphasis].

---

[1] *Franklin* v. *State*, 85 Ark. 534, 109 S.W. 298.

Here, it is well to state that Act 138 of 1911 (Ark. Stat. Ann. § 22-322 - 322.8 [Repl. 1962]) provided an additional circuit judge for the second judicial circuit (of which Greene County is a part). Section 2 (§ 22-322.1) sets out that the circuit courts in the counties of said circuit shall be divided into two divisions, to be known as the first and second divisions. Section 4 (§ 22-322.3) provided that the clerk shall assign all civil cases to the first division, and all criminal cases to the second division, and also provided that by written order of the judges the business might be divided in any manner that said judges deemed proper and expedient. In 1953, the General Assembly passed Act 102, Section 1 of that Act (Ark. Stat. Ann. § 22-319.1 [Repl. 1962]) providing:

> "Whereas the trial dockets of the first and second divisions of the second judicial circuit are so burdened as to make it impossible to dispose of current business in the regular terms thereof as provided by law, the judges of said division are hereby directed to relieve said conditions by means of pre-trial conferences, adjourned days and adjourned terms when same can be held without conflicting with the holding of the regularly scheduled terms."

The act made no distinction in the first division (which handled civil cases) and the second division (which handled criminal cases), i.e., the provision requiring the judges of those courts to hold pretrial conferences, applying to both civil and criminal cases.

In 1965, the General Assembly passed Act 505 (Ark. Stat. Ann. § 22-322.9 - 322.13 [Supp. 1973]). § 22-322.9 provides that there shall be three judges of the circuit court for the second judicial circuit. § 22-322.10 provides that the circuit courts in the counties and districts thereof shall be divided into three divisions, known as the first, second, and third divisions. § 22-322.11 sets out that the three judges shall hold court in the respective divisions at times and places provided in the act; that they shall be nominated and elected to a specific numbered division of the court "but this shall not be deemed an enlargement nor a diminution of their powers as Circuit Judges to try and dispose of any litigation or

matter which falls within the jurisdiction of the Circuit Court." § 22-322.12 provides:

"The Circuit Court Clerks of each of the courts in the several counties shall keep and maintain two (2) separate dockets, one (1) for criminal cases and one (1) for civil cases, and each case filed shall be entered in the proper docket. The Judge of the First Division shall preside over cases assigned to the Criminal Docket and the Judges of the Second and Third Divisions shall preside over cases assigned to the Civil Docket. During each term of either division of the Circuit Court, the presiding Judge, by appropriate orders, may assign in the first instance, or reassign any case, Criminal or Civil, from one docket to the other as may be found best for the dispatch of business. The Judges of the three (3) Divisions will alternate in the holding of courts in the three (3) divisions so that each judge will hold approximately one-third (1/3) of the first division (criminal) terms in each county of the district, and two-thirds (2/3) of the second and third division (civil) terms in each, county of the district."

This section makes the judge of the first division the presiding judge over the criminal docket (contrary to Act 138 of 1911 which provided that criminal cases should be tried in the second division), but that fact is not pertinent in reaching conclusions in this case, for again there is no distinction between the three divisions, as far as the holding of pre-trial conferences is concerned.

As has already been pointed out from the record, the trial court denied the motion to quash the panel because of the fact that this motion was not presented at the pre-trial conference held on May 20. The statute providing for pre-trial conferences was passed 33 years after *Ware* v. *State, supra,* and is, except for extraordinary reasons, controlling. There is no showing why appellant could not have presented this motion as well at the pre-trial conference, held on May 20, as to have waited until May 23 to file it and present it on the day of trial. The purpose of pre-trial hearings, of course, is to determine all issues in advance, and dispose of all preliminary

matters so that the case will be ready for trial at the time it is set, and can be tried at that time. We agree with the trial court that appellant's motion was not timely filed.

It is next asserted that the court erred in giving its Instruction No. 9.[2] Appellant says that "The instruction given by the court gives undue emphasis to the jury to the appellant's witnesses and causes the jury to scrutinize their testimony more severely than it scrutinizes the testimony of the prosecution witnesses."

The young girl, allegedly raped, testified that the act occurred on the night of July 1, shortly after 10:00 P.M., when she got off from work, and she positively testified that Beasley was the person who raped her; further, that he was operating an "orangy-red" motorcycle with a white band on it. Appellant presented two witnesses who testified that they were coon hunting with appellant on July 1 from 8:00 P.M. until midnight or 1:00 A.M. Another witness for appellant testified that Beasley's motorcycle was in his dad's shop for repairs on July 1. The whole question, of course, as far as the alibi is concerned, relates to the whereabouts of Beasley at the time that the alleged rape occurred. Appellant's argument is without merit for the almost identical instruction here under attack was approved in the 1894 case of *Ware* v. *State,* 59 Ark. 379, and approval has been reiterated at various

---

[2]"The defendant in this case says that he was not at the place where the first degree rape took place at the time the same occurred, but was at another place, and that, therefore, he was not connected with or implicated in such crime.

"The burden of showing an alibi is on the defendant, but if on the whole case the testimony raises a reasonable doubt that the defendant was present when the crime was committed, he should be acquitted. But the jury should scrutinize the testimony of witnesses to see if some of them may not be mistaken as to dates and time when they saw the defendant, and it is proper for the jury to consider the lapse of time since such occurrence happened, and whether witnesses are likely, after such lapse of time, to be accurate as to the precise time or hour that they saw the defendant on the night that the crime occurred. In other words, in arriving at your conclusion on this point, the jury should consider whether it may not be true that the defendant was present at the time of the alleged First Degree Rape, and that some of the witnesses are honestly mistaken as to the exact time they saw the defendant on that night."

times in subsequent years. See *Wright* v. *State*, 177 Ark. 1039. 9 S.W. 2d 233. Appellant's contention is without merit.

It is contended that the court erred in refusing appellant's requested Instruction No. 2, a cautionary instruction relative to the charge of rape.[3] While this instruction could have been given, the refusal is not grounds for reversal. We have held that a trial court's refusal to give a cautionary instruction is not reversible error, this being discretionary, unless an abuse of discretion is shown. *Bradshaw* v. *State*, 211 Ark. 189, 199 S.W. 2d 747. No such abuse here appears. It might be added that the court's other instructions thoroughly explained to the jury the elements constituting the crime of rape.

Finding no reversible error, the judgment is affirmed.

It is so ordered.

---

[3]"You are instructed that the crime of rape, of which Gary Don Beasley is charged, is a serious one, and such a charge is easily made and hard to contradict or disprove; that it is a character of crime that tends to create a prejudice against the person charged; and, for these reasons, it is your duty to weigh the testimony carefully, and then determine the truth with deliberative judgment, uninfluenced by the nature of the charge."