Charles Lewis WALLACE *v.* STATE of Arkansas

CR 79-199                                     603 S.W. 2d 399
Supreme Court of Arkansas
Opinion delivered August 25, 1980

*John W. Achor*, Public Defender, by: *Dewey Fitzhugh*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Deputy Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. Appellant, Charles Lewis Wallace, was found guilty by a jury of kidnapping and capital murder and sentenced to fifteen years and life imprisonment without parole. Several points for reversal are argued, none of which we find to have merit.

On September 4, 1977, appellant and three co-defendants, two of whom testified against him at trial, accosted Calvin Smith on the parking lot of a Little Rock restaurant and forcefully removed him to the bank of the Arkansas River where he was drowned. Appellant was arrested seven days later on September 11, 1977, and remained in jail until he was tried on April 30, 1979.

Since more than 19½ months elapsed between appellant's arrest and his trial, appellant first contends for reversal that he was denied a right to a speedy trial. Our Rules of Criminal Procedure provide a bar against prosecution only if a defendant is not brought to trial before the expiration of three full terms of court, excluding the term in which the arrest occurs and all periods of necessary delay. Arkansas Criminal Procedure Rule 28.1 and 30.1 (1976); *Matthews* v. *State*, 268 Ark. 484, 598 S.W. 2d 58 (1980); *State* v. *Knight*, 259 Ark. 107, 533 S.W. 2d 488 (1976). In the Pulaski County Circuit Court where the appellant was tried, no such speedy trial violation can occur before the expiration of 18 months since the court has only two six months terms a year. Since appellant concedes that at least 3½ and possibly 8½ months of the 19½ month trial delay may be properly excluded, he obviously was brought to trial within the time limitation established by our Rules of Criminal Procedure. Although appellant may have been entitled to pre-trial release under our rules at the end of nine months, as opposed to absolute discharge, such entitlement does not affect his convictions.

Second, appellant argues that the trial court improperly excluded evidence of bad character of the victim's brother. We discern no relevance in such evidence and hold that it was properly excluded.

Appellant next argues that the trial court erred in refusing to give certain instructions requested by appellant concerning such matters as reasonable doubt, presumption of innocence, premeditation and deliberation, kidnapping, false imprisonment, capital murder, and circumstantial evidence. We find no merit in this contention. We have consistently held that it is not error to refuse to give a requested instruction where the subject matter is fully covered by instructions already given. *Beasley* v. *State* 258 Ark. 84, 522 S.W. 2d 365 (1975); *Maxwell* v. *State*, 236 Ark. 694, 370 S.W. 2d 113 (1963); *Cobb* v. *State*, 265 Ark. 527, 579 S.W. 2d 612 (1979). All of the matters included in appellant's requested instructions were adequately covered by other instructions given by the court, and appellant does not contend otherwise.

Appellant, pro se, raises several other issues challenging his convictions from ineffective assistance of counsel to the bias of the trial judge, none of which are meritorious. We have also examined other objections made in the course of appellant's trial and find no asserted error that warrants discussion.

Affirmed.