SLIP OPINION

Cite as 2017 Ark.334

# SUPREME COURT OF ARKANSAS

No. CR–88–5

| | |
|---|---|
| MILTON JASPER JONES<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** November 30, 2017<br><br>PRO SE SECOND AND SUPPLEMENTAL PETITIONS TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR–86–396]<br><br><br>PETITIONS DENIED. |

**RHONDA K. WOOD, Associate Justice**

Petitioner Milton Jasper Jones requests that this court reinvest jurisdiction in the trial court so that he may proceed with a petition for writ of error coram nobis. He filed two petitions making the request, one supplementing the other. This is the second time that Jones has made a request for coram-nobis relief. Jones's petition alleges that the State withheld evidence, namely, a confession by a codefendant. We deny the petition because it fails to allege adequate grounds for relief.

I. *Background and the Proposed Grounds for the Writ*

A petitioner who appealed his judgment of conviction must first request this court to reinvest jurisdiction in the trial court before he may attack that conviction through a petition for writ of error coram nobis. *Noble v. State*, 2015 Ark. 141, 460 S.W.3d 774. Jones appealed his conviction for capital felony murder in the killing of Annie Bell Hall

Killingsworth. He received a sentence of life imprisonment without parole for the murder, and this court affirmed. *Jones v. State*, 296 Ark. 135, 752 S.W.2d 274 (1988). Jones contends that the prosecutor withheld evidence concerning a confession by Roosevelt Ferguson. Jones alleges that the State knew prior to his arrest that Ferguson admitted to burglarizing Killingsworth's apartment. Additionally, in that conversation, Ferguson implicated Jones and Erma McCoy in Killingsworth's murder. Jones asserts that this evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

Jones was tried before Ferguson was arrested for the murder. The two men were seen near Killingsworth's home the night that she was murdered, and both left town the same night. Fingerprints found inside the victim's home belonged to Jones. After Jones was arrested, he confessed to participating in the murder and splitting $10,000 from the burglary with Ferguson. He told the police that he held Killingsworth's arms down while Ferguson smothered her with a pillow. At trial, Jones testified that his confession was coerced, provided an explanation for his fingerprints in Killingsworth's apartment, and denied participating in the burglary or murder.

Jones alleges that, if his attorney had known about Ferguson's confession, Jones would have pursued a different defense. Jones further contends that he could have used evidence of Ferguson being in the victim's home to bring a defense based on Ferguson's sole culpability.

SLIP OPINION

## II. *Standards*

Error coram nobis is an extraordinarily rare remedy, more known for its denial than its approval. *White v. State*, 2015 Ark. 151, 460 S.W.3d 285. The remedy is exceedingly narrow and appropriate only when an issue was not addressed or could not have been addressed at trial because it was somehow hidden or unknown. *Clark v. State*, 358 Ark. 469, 192 S.W.3d 248 (2004). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524.

Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. This court has recognized four categories of error for which the writ is available: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; and (4) a third-party confession to the crime during the time between conviction and appeal. *Noble*, 2015 Ark. 141, 460 S.W.3d 774. The writ is issued only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Green*, 2016 Ark. 386, 502 S.W.3d 524.

This court will grant permission to proceed with a petition for the writ only when it appears, looking to the reasonableness of the allegations in the proposed petition and the

existence of the probability of the truth of those allegations, that the proposed attack on the judgment is meritorious. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. This court is not required to accept at face value the allegations in the petition. *Grady v. State*, 2017 Ark. 245, 525 S.W.3d 1.

### III. *Significance of the Confession*

Jones asserts that his alleged grounds for the writ fall within the third and fourth recognized categories of error. However, application of the fourth category of error is limited to those confessions that occur within the time frame between a conviction and its appeal. *Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984). That is not the case here, as Jones claims the confession occurred before his arrest. Jones's claim therefore does not fall within the fourth category of error.

Rather, Jones's alleged claim of withheld evidence falls within the third category of error. Yet this claim too fails because he does not allege facts sufficient in support. To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Green*, 2016 Ark. 386, 502 S.W.3d 524. When the petitioner alleges a *Brady* violation as the basis for his claim of relief in coram-nobis proceedings, the facts alleged in the petition must establish that there was evidence withheld that was both material and prejudicial such as to have prevented rendition of the judgment had it been

4

known at the time of trial. *See Smith v. State*, 2017 Ark. 236, 523 S.W.3d 354. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Scott v. State*, 2017 Ark. 199, 520 S.W.3d 262. Jones fails to establish that the withheld evidence was material or prejudicial.

Although Jones contends that his attorney would have brought a different defense were Ferguson's confession available, Jones does not identify an alternative defense that might have been employed. Jones also ignores the fact that Ferguson's alleged confession was not to Killingsworth's murder; rather, he confessed only to burglary. Moreover, even Jones recognizes that Ferguson implicated Jones in the murder. Ferguson's presence at the scene of the crime would have only marginally strengthened the credibility of Jones's testimony that Ferguson committed the burglary. Worse than that for Jones's sake, the testimony would have directly contradicted Jones's testimony that Ferguson committed the murder. Ferguson's alleged confession would also have contradicted Jones's defense that Ferguson participated in *both* the burglary and the murder. In whole, if there was the alleged confession by Ferguson to the burglary only, and the State failed to disclose it, its absence was more favorable to Jones than to the State.

In sum, Jones fails to establish that the withheld evidence was material or so prejudicial to the defense that the error would have prevented rendition of the judgment.

Petitions denied.