JOSEPHINE LINKER HART, Associate Justice
Petitioner Gilberto Martinez-Marmol, who was convicted in 2012 of three counts of rape, brings this petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.[1] He contends that he has two claims generally: (1) he was mentally incompetent and (2) trial counsel was ineffective; however, within each claim, Martinez-Marmol raises numerous arguments. Because Martinez-Marmol has not demonstrated, looking at the reasonableness of the allegations in the proposed petition and the existences of the probability of the truth of the allegations, that the proposed attack on the judgment is meritorious, the petition is denied.
The trial court cannot entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal unless this court grants permission. Carner v. State , 2018 Ark. 20, 535 S.W.3d 634 (citing Newman v. State , 2009 Ark. 539, 354 S.W.3d 61 ). A writ of error coram *52 nobis is an extraordinarily rare remedy. State v. Larimore , 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Green v. State , 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. Carner , 2018 Ark. 20, 535 S.W.3d 634. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771.
The writ is allowed under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Howard v. State , 2012 Ark. 177, 403 S.W.3d 38. A court is not required to accept the allegations in a petition for writ of error coram nobis at face value. Jackson v. State , 2017 Ark. 195, 520 S.W.3d 242.
Mental-Incompetency Claims
Martinez-Marmol contends that he was tried while mentally incompetent. Within this claim, Martinez-Marmol raises several arguments, including: that the records of the proceedings indicated that the trial judge acted with "fraudulent" and "deceitful" tactics of judicial misconduct regarding the issuance of transport orders and that the filing of the transport orders and hearing dates conflicted, resulting in "fraudulent" charges of time against speedy trial; that, because his IQ was not tested, there was a measurement of error in the evaluations and findings that he was fit to proceed and was able to appreciate the criminality of his conduct; that, due to the lack of an IQ test, his mental retardation was not considered, which was error; that the prosecutor committed prosecutorial misconduct by admitting false evidence because the prosecutor was aware that the "required IQ test" had not been conducted; and that the trial court should have conducted its own competency hearing or review where there existed conflicting evidence in the evaluations.
To the extent Martinez-Marmol's allegations address his mental incompetence or insanity at the time of trial, that evidence was adduced at the time of trial and was available at trial. Martinez-Marmol makes no assertion that there was any evidence extrinsic to the record that was hidden from the defense or unknown at the time of trial. See Larimore v. State , 327 Ark. 271, 938 S.W.2d 818 (1997). Neither Martinez-Marmol's dissatisfaction with the trial court's failure to find that he was mentally incompetent, the evidence admitted at trial, nor the trial court's rulings constitute a showing of extrinsic evidence that would have produced a different verdict had it been known at trial. See Cloird v. State , 357 Ark. 446, 182 S.W.3d 477 (2004).
Martinez-Marmol's assertions of prosecutorial misconduct for the admission of "false evidence" could have been raised at trial and are not allegations of material evidence that was withheld by the prosecutor. The petitioner seeking to reinvest jurisdiction in the trial court to proceed with a coram nobis petition bears the burden of presenting facts to support the claims for the writ because an application for the writ must make a full disclosure of specific facts relied on and not merely *53 state conclusions as to the nature of such facts.[2] Howard , 2012 Ark. 177, 403 S.W.3d 38. In the same vein, Martinez-Marmol's assertions of trial error that were raised at trial, or which could have been raised at trial, are not within the purview of a coram nobis proceeding.[3] Carner , 2018 Ark. 20, 535 S.W.3d 634. Martinez-Marmol has failed to assert a meritorious ground for the writ.
Ineffective Assistance of Counsel
Martinez-Marmol contends his trial counsel was ineffective because counsel had a conflict of interest, failed to secure a defense and call witnesses, and failed to make reasonable efforts to procure the testimony of an alibi witness. As with his first claim, Martinez-Marmol raises several arguments within this generalized claim. The majority of the claims are not claims of ineffective assistance of counsel but include claims that the criminal information filed in his case is invalid and defective on its face because it lacks the prosecutor's signature and that the prosecutor engaged in prosecutorial misconduct (1) by issuing a defective arrest warrant thirty-two days after he was detained; (2) by maliciously prosecuting him based on the illegally obtained confession; (3) by withholding material evidence in violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), specifically police reports and statements of witnesses involved in the investigation; and (4) by presenting false and perjured testimony. Martinez-Marmol further argues that the prosecutor failed to establish that he knowingly and intelligently waived his Miranda rights when he gave his custodial statement in violation of his constitutional rights, a claim he raised in his direct appeal. He argues the confession was not transcribed by a qualified and certified interpreter, also another claim raised in his direct appeal. Martinez-Marmol also appears to contend that trial counsel should have "attack[ed] the process and procedure from which Detective Barrios obtained the alleged confession," by filing a motion to suppress his confession.[4]
To the extent that Martinez-Marmol has argued that his counsel was ineffective, those claims are not cognizable in a coram nobis proceeding under our state law. Coram nobis proceedings are not to be used as a substitute for raising claims of ineffective assistance of counsel under our postconviction rule. Griffin v. State , 2018 Ark. 10, 535 S.W.3d 261 (citing State v. Tejeda-Acosta , 2013 Ark. 217, 427 S.W.3d 673 ).
*54 Martinez-Marmol's claim regarding the defect in the criminal information could have been discovered or raised in the trial court. See Beard v. State , 269 Ark. 16, 598 S.W.2d 72 (1980) (Criminal information is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, the court and county where the alleged offense was committed, and if it set forth the principal language of the statute and the asserted facts constituting the offense.). Claims that a petitioner either could have known, or knew, at the time of trial do not provide grounds for issuance of a writ of error coram nobis, and Martinez-Marmol has not demonstrated that it should issue. Howard , 2012 Ark. 177, 403 S.W.3d 38.
To the extent Martinez-Marmol raises a claim of a Brady violation regarding the prosecution withholding material evidence, his claim fails because he does not allege sufficient facts in support. To establish a Brady violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. Jones v. State , 2017 Ark. 334, 531 S.W.3d 384. When a petitioner alleges a Brady violation as the basis for his or her claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that there was evidence withheld that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. Id. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. Id. Here, Martinez-Marmol's allegation is conclusory and without any factual basis, making it insufficient to demonstrate that material evidence was withheld by the State in violation of Brady . Again, the burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. McCullough v. State , 2017 Ark. 292, 528 S.W.3d 833, reh'g denied (Dec. 14, 2017). Martinez-Marmol has failed to establish that there is a reasonable probability that the judgment of conviction would not have been rendered or would have been prevented had specific exculpatory evidence been disclosed at his trial.
Martinez-Marmol's allegations regarding the defective arrest warrant, the use of the illegally obtained confession, and failure to establish that he knowingly and intelligently waived his Miranda rights are also not cognizable in a coram nobis proceeding. Martinez-Marmol does not make any assertion that the facts surrounding the issuance of the warrant or his confession were facts that he was unaware of at the time of trial. See generally Smith v. State , 2018 Ark. 37, 2018 WL 773711. Simply put, Martinez-Marmol fails to demonstrate a meritorious attack on the judgment because he failed to establish an error of fact extrinsic to the record that could not have been raised in the trial court. Id.
Petition denied.

Martinez-Marmol's conviction and sentence were affirmed by the Arkansas Court of Appeals. Martinez-Marmol v. State , 2013 Ark. App. 243, 2013 WL 1682631.

Martinez-Marmol asserted that the prosecutor made improper comments during opening statements, voir dire, and closing statements; made improper comments on his confession; and presented fabricated evidence-all claims that could have been raised at trial or on direct appeal if a contemporaneous objection had been made to the comments, as they do not involve evidence extrinsic to the record. Cloird , 357 Ark. 446, 182 S.W.3d 477.

To the extent Martinez-Marmol raises an allegation of judicial bias regarding any discrepancy in the trial court's transport orders and the orders setting hearings, Martinez-Marmol's claims are not extrinsic to the record and do not demonstrate an actual bias. Brown v. State , 2012 Ark. 399, 424 S.W.3d 288. Martinez-Marmol's claims here are nothing more than claims of trial court error, which are not cognizable in a coram nobis proceeding. See Carner , 2018 Ark. 20, 535 S.W.3d 634 ; see also State v. Wilmoth , 369 Ark. 346, 255 S.W.3d 419 (2007) (speedy-trial violation is not a defect sufficient to void a judgment).

In his direct appeal, the court of appeals noted the fact that Martinez-Marmol did not object to the detective's testimony on the grounds that the testimony was illegally obtained. Martinez-Marmol , 2013 Ark. App. 243, at 2.