JOHN DAN KEMP, Chief Justice
Pending before this court is petitioner Lewis C. Wallace's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis and a pro se motion to reply to the State's response to his coram nobis petition. Wallace's claim for coram nobis relief is based on an allegation that the prosecutor withheld material evidence and knowingly used perjured testimony in violation of Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We find from a review of the allegations contained in Wallace's petition and its attached exhibits that Wallace failed to demonstrate a fundamental error extrinsic to the record that would have prevented rendition of the judgment; therefore, we deny the petition, and the motion to file a reply is rendered moot.
Wallace was convicted by a jury in 1979 of kidnapping and capital felony murder. He was sentenced to a term of fifteen years' imprisonment on the kidnapping charge and life imprisonment without parole on the murder charge. We affirmed. Wallace v. State , 270 Ark. 17, 603 S.W.2d 399 (1980). Wallace's convictions arose from the kidnapping and murder of Calvin Smith, whom Wallace, along with three codefendants, had accosted and taken to the banks of the Arkansas River where Smith was pushed into the river and drowned. See id. , 270 Ark. 17, 603 S.W.2d 399. Wallace's petition for coram nobis relief concerns the testimony adduced during the trial of one of his codefendants-Marton Hallman, who had been tried separately prior to Wallace's trial. Hallman's conviction was affirmed by this court. Hallman v. State , 264 Ark. 900, 575 S.W.2d 688 (1979).
Wallace asserts in his petition that the prosecutor withheld the testimony adduced at Hallman's trial and knowingly elicited false testimony from Hallman during the course of Wallace's trial. In support of his claim, Wallace recounts Hallman's testimony at his trial and attaches to his coram nobis petition a truncated copy of Hallman's previous testimony.[1]
The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. Roberts v. State , 2013 Ark. 56, 425 S.W.3d 771. A writ of error coram nobis is an extraordinarily rare remedy. Id. Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. Id. ; Westerman v. State , 2015 Ark. 69, 456 S.W.3d 374. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, *770 was not brought forward before rendition of the judgment. Roberts , 2013 Ark. 56, 425 S.W.3d 771. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. Id.
The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Id. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. Id. ; Howard v. State , 2012 Ark. 177, 403 S.W.3d 38.
In his pro se petition for coram nobis relief, Wallace describes, in pertinent part, Hallman's testimony during Wallace's trial as follows: "I do not know who knocked Smith into the river ... Wallace and Harris were the ones who started the fight and knocked Calvin into the river." According to Wallace, Hallman had formerly testified that he did not see how Smith had ended up in the river. Wallace further contends that the prosecutor intentionally elicited false testimony from Hallman during Wallace's trial.
A review of both the copy of Hallman's testimony attached to the petition and of Hallman's testimony that is set forth in the direct-appeal record demonstrates that there is no material difference between Hallman's testimony at either trial. Specifically, Hallman admitted on cross-examination at his own trial that he saw Wallace and Lewis assault Smith on the banks of the river and that Hallman began walking away from the scene when he heard a splash. Hallman further testified on cross-examination that while he did not see who pushed Smith into the water, or if he was pushed, Wallace and Harris had admitted to Hallman that Smith was pushed into the river, and each had accused the other of pushing Smith. This prior testimony does not materially conflict with the testimony elicited at Wallace's trial as described by Wallace in the petition, in that the described testimony shows that Hallman reaffirmed that while he did not see who was responsible for knocking Smith into the water, he was aware that Wallace and Harris had "knocked Smith into the river."
To warrant coram nobis relief, Wallace has the burden of demonstrating a fundamental error extrinsic to the record that would have prevented rendition of the judgment had it been known and, through no fault of Wallace, was not brought forward before rendition of judgment. Roberts , 2013 Ark. 56, 425 S.W.3d 771. Wallace has not met that burden.
The mere fact that a petitioner alleges a Brady violation is not sufficient to provide a basis for error coram nobis relief. See Penn v. State , 282 Ark. 571, 670 S.W.2d 426 (1984) (a mere naked allegation that a constitutional right has been invaded will not suffice to warrant coram nobis relief). To establish a Brady violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. Howard , 2012 Ark. 177, 403 S.W.3d 38. As stated above, Wallace fails to demonstrate that Hallman's testimony at the two separate trials was materially inconsistent such that it would have changed the outcome of Wallace's trial. Roberts , 2013 Ark. 56, 425 S.W.3d 771. For the same reasons, Wallace fails to state sufficient facts establishing a meritorious Brady claim. This is so because Hallman's prior testimony was a matter of *771 public record and was not subject to being withheld or suppressed by the State, and Wallace did not demonstrate that the alleged inconsistencies were sufficient to alter the outcome of the trial. Howard , 2012 Ark. 177, 403 S.W.3d 38. Thus, Wallace has failed to carry his burden of demonstrating a fundamental error of fact extrinsic to the record that would have prevented the rendition of the judgment. Id.
Finally, to establish entitlement to coram nobis relief, due diligence must be shown. Philyaw v. State , 2014 Ark. 130, 2014 WL 1096201. Due diligence requires that (1) the defendant be unaware of the fact at the time of the trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) the defendant, after discovering the fact, did not delay bringing the petition. Id. The direct-appeal record of Hallman's trial establishes that the trial took place on April 13 through April 17, 1978. As stated, Hallman's conviction was affirmed on appeal by this court in a decision entered on January 29, 1979. Hallman , 264 Ark. 900, 575 S.W.2d 688. One year after Hallman's trial and three months after Hallman's conviction was affirmed on appeal, Wallace's trial began on April 30, 1979. See Wallace , 270 Ark. 17, 603 S.W.2d 399. Therefore, Wallace or his defense counsel either knew or could have discovered the content of Hallman's testimony, and any alleged inconsistencies contained therein, well in advance of Wallace's trial. Thus, Wallace, in the exercise of due diligence, could have challenged any alleged inconsistencies in Hallman's testimony at the time of Wallace's trial. Philyaw , 2014 Ark. 130. Any failure to discover the content of Hallman's prior testimony was due to Wallace's own negligence. Moreover, Wallace attached to his petition an affidavit of due diligence wherein he avers that he discovered the alleged inconsistencies in Hallman's testimony in 2014. A four-year delay in preparing this pending pro se coram nobis petition does not indicate diligence. Id. In sum, Wallace has failed to allege sufficient grounds warranting coram-nobis relief, and has otherwise failed to demonstrate due diligence in bringing this petition.
Petition denied; motion moot.
Hart, J., concurs.
Josephine Linker Hart, Justice, concurring.
I agree that Mr. Wallace's petition should be denied. However, I write separately because, for the same reasons stated in my concurrence in Mosley v. State , 2018 Ark. 152, 544 S.W.3d 55, "due diligence" should be struck from our error coram nobis jurisprudence.

This court may take judicial notice of the direct-appeal record lodged following Hallman's conviction without need to supplement the record. See Smith v. State , 2017 Ark. 236, 523 S.W.3d 354, reh'g denied (Sept. 14, 2017). The direct-appeal record contains the full transcript of Hallman's testimony elicited during the course of Hallman's trial.