Cite as 2019 Ark. 293
# SUPREME COURT OF ARKANSAS
No. CR-17-17

| | |
|---|---|
| DARRYL TALLEY, JR. PETITIONER <br><br> V. <br><br> STATE OF ARKANSAS RESPONDENT | **Opinion Delivered** October 24, 2019 <br><br> PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION, NO. 60CR-11-3766] <br><br> <u>PETITION DENIED</u>. |

**KAREN R. BAKER, Associate Justice**

Pending before this court is a pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis filed by petitioner Darryl Talley, Jr. In his petition, Talley alleges that exculpatory testimony of two witnesses was suppressed in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Because Talley has failed to state sufficient facts to establish a *Brady* violation, we deny the petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis.

Talley was convicted of robbery, theft of property, and employment of a firearm to commit aggravated robbery, for which he received an aggregate sentence of 168 months' imprisonment. The Arkansas Court of Appeals affirmed the convictions and remanded the case for the limited purpose of allowing the trial court to correct a clerical error in the

sentencing order that Talley had been convicted of Class B felony theft rather than Class C felony theft. *Talley v. State*, 2017 Ark. App. 550, 533 S.W.3d 95.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. A writ of error coram nobis is an extraordinarily rare remedy. *Id.* Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.*; *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

This court will grant permission to proceed with a petition for the writ only when it appears that, looking to the reasonableness of the allegations in the petition and the

2

probability of the truth of those allegations, the proposed attack on the judgment is meritorious. *Jones v. State*, 2017 Ark. 334, 531 S.W.3d 384. This court is not required to accept at face value the allegations in the petition. *Id.* The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied on and not to merely state conclusions as to the nature of such facts. *Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475.

While *Brady* violations are within the purview of coram nobis relief, the fact that a petitioner alleges a *Brady* violation is not, in itself, a sufficient basis for the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634 (citing *Strickler v. Greene*, 527 U.S. 263 (1999)). When a petitioner alleges a *Brady* violation as the basis for his or her claim for relief in coram nobis proceedings, the facts alleged in the petition must establish that evidence was suppressed that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.*

Here, Talley contends that he provided the name of a potential witness, Javon Allen, to his own trial counsel who, in turn, provided Allen's name to the prosecutor.

Talley further states that neither his trial counsel nor the prosecutor revealed the substance of their contact with Allen, and therefore, Allen's exculpatory evidence was not developed through discovery and brought to light at trial. Talley does not describe the exculpatory evidence that Allen would have provided. Talley also contends that a second witness, Torrance Deadman, was interviewed by police and provided an "affirmative defense to all charges." According to Talley, Deadman's statement to police revealed that Talley did not commit aggravated robbery with a firearm but came into possession of "the so-called victim['s]" vehicle in exchange for drugs. Apart from his bare allegations, Talley provides no substantiation for this claim. Furthermore, Talley asserts that his trial counsel did not subpoena for trial these two witnesses whose testimony he contends was suppressed in violation of *Brady*. This final allegation has rendered Talley's *Brady* claim meritless because it nullifies any basis for an assertion that the prosecution concealed material evidence from the defense. In sum, Talley does not state facts that establish a *Brady* violation but instead alleges ineffective-assistance-of-counsel claims, which are not cognizable in coram nobis proceedings. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774. It is well settled that coram nobis proceedings are not to be used as a substitute for raising claims of ineffective assistance of counsel under Arkansas Rule of Criminal Procedure 37.1 and are not interchangeable with proceedings under the Rule, which is the remedy in Arkansas for asserting allegations of ineffective assistance of counsel. *Id.*

Petition denied.

*Darryl Talley, Jr.*, pro se petitioner.

4

*Leslie Rutledge*, Att'y Gen., by:  *Rachel Kemp*, Ass't Att'y Gen., for respondent.