Cite as 2019 Ark. 340

# SUPREME COURT OF ARKANSAS
No. CR-09-990

| | |
|---|---|
| CHARLES EDWARD JONES<br>PETITIONER | Opinion Delivered: November 21, 2019 |
| V. | PRO SE PETITION TO REINVEST JURISDICTION IN THE CIRCUIT COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND PRO SE MOTIONS TO SHOW CAUSE AND FOR STATUS AND DETERMINATION |
| STATE OF ARKANSAS<br>RESPONDENT | [PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION, NO. 60CR-08-1753] |
| | PETITION DENIED; MOTION TO SHOW CAUSE TREATED AS MOTION TO SUPPLEMENT PETITION TO REINVEST JURISDICTION AND DENIED; MOTION FOR STATUS MOOT. |

KAREN R. BAKER, Associate Justice

Petitioner Charles Edward Jones has filed a petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis in which he alleges that there was exculpatory information that was unknown and not addressed at trial. Jones subsequently filed a motion "to show cause for coram nobis" in which he asserts additional bases for the writ. Jones also filed a motion for status and determination in which he requested that he be given either prompt attention to the matter or a status report. Because Jones provides no meritorious basis for issuance of the writ, we deny the petition.

The motion to show cause is treated as a motion to supplement the petition to reinvest jurisdiction and denied. The motion for status is moot.

A jury convicted Jones of four counts of rape, and he was sentenced to four consecutive terms of 480 months' imprisonment. His convictions and sentences were affirmed by the Arkansas Court of Appeals. *Jones v. State*, 2010 Ark. App. 324.

Before this court is Jones's petition in which he requests permission to proceed in the trial court with a petition for a writ of error coram nobis to challenge the judgment in that case. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. A writ of error coram nobis is an extraordinarily rare remedy. *Id.* Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.*; *Westerman v. State*, 2015 Ark. 69, 456 S.W.3d 374. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the

2

time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*; *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

This court will grant permission to proceed with a petition for the writ only when it appears that, looking to the reasonableness of the allegations in the petition and the probability of the truth of those allegations, the proposed attack on the judgment is meritorious. *Jones v. State*, 2017 Ark. 334, 531 S.W.3d 384. This court is not required to accept at face value the allegations in the petition. *Id.* The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied on and not to merely state conclusions as to the nature of such facts. *Rayford v. State*, 2018 Ark. 183, 546 S.W.3d 475.

While *Brady v. Maryland*, 373 U.S. 83 (1963) violations are within the purview of coram nobis relief, the fact that a petitioner alleges a *Brady* violation is not, in itself, a sufficient basis for the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634 (citing *Strickler v. Greene*, 527 U.S. 263 (1999)). When a petitioner alleges a *Brady* violation as the basis for his or her claim for relief in coram nobis proceedings, the facts alleged in the petition must establish that evidence was suppressed that was both material and prejudicial such as to have prevented

3

rendition of the judgment had it been known at the time of trial. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.*

In the petition, Jones alleges that there was exculpatory information that was unknown and not addressed at trial. Jones references three exhibits, which are unidentified documents that appear to be (1) an excerpt from a pleading in federal court that referenced a doctor's testimony during Jones's trial, (2) a portion of a medical report on one of the minor victims indicating that she had a urinary tract infection, and (3) an incident report made by a mandated reporter about the same victim.

One of the issues on direct appeal of the judgment involved the admission of a doctor's testimony concerning an eleven-year-old witness who reported an allegation of rape against Jones in a separate rape case. This is the same doctor who was referenced in the first document attached to Jones's petition. The doctor testified that the witness had a sexually transmitted disease and detailed how the disease was contracted to support the witness's testimony of penetration. *Jones*, 2010 Ark. App. 324. Here, Jones contends that there was a "medical issue" in that one of the minor victims had a urinary tract infection. Jones never explains how the victim's condition raised an issue, and it is not clear why Jones contends that the infection was significant. He draws a contrast between the victim's "medical issue" and the witness who had a "medical issue" concerning a sexually transmitted disease, but he does so without explaining the significance of the difference.

4

Further, Jones alleges that, if the information about the victim's infection had been known,[1] it would have changed the outcome of the trial. He appears to contend that the fact that the victim had the infection was exculpatory and the condition somehow brought about her allegations of rape, but he does not offer any further explanation.

Jones has not alleged that the information was withheld from the defense by the prosecutor or stated facts to support his claim that the information was "unknown" at the time of trial. Further, Jones has not demonstrated that the evidence was material. Generally, newly discovered evidence, in itself, is not a ground for the writ, and a conclusory statement that there is newly discovered evidence does not warrant coram nobis relief. *Hall v. State*, 2018 Ark. 377, 562 S.W.3d 829. Allegations that are too vague and lack the requisite factual support do not support issuance of the writ. *Alexander v. State*, 2019 Ark. 171, 575 S.W.3d 401.

In his motion to show cause, Jones would add claims in which he alleges that the prosecution withheld statements made by the victims describing sex acts with minors that Jones committed in Texas. While the statements clearly describe additional sex crimes Jones committed in Texas, the statements fail to demonstrate that Jones did not commit the rapes he was convicted of in Arkansas. His conclusory allegations do not demonstrate

---

[1]Jones does not indicate when the information in the medical report about the victim's infection was discovered. The State notes that the report attached to the petition appears to bear a file-mark indicating that it was filed in Jones's federal habeas proceedings in 2014.

that this information was either material or withheld from the defense. Jones has failed to provide any meritorious basis for the writ.

Petition denied; motion to show cause treated as motion to supplement petition to reinvest jurisdiction and denied; motion for status moot.

HART, J., concurs.

**JOSEPHINE LINKER HART, Justice, concurring.** I concur. As to the documentation of the victim's urinary tract infection, it seems Jones is arguing that this documentation could have been used to impeach Dr. Farst's testimony regarding the element of penetration. The record presently before us is sparse, but the argument seems to be that what Dr. Farst identified as lingering evidence of penetration could have been attributable instead to the urinary tract infection. If so, this could potentially satisfy the first prong of *Brady*. However, Jones's petition is correctly denied because there is simply no assertion or indication that the State withheld this evidence (what appear to be records from a private medical facility) from Jones in any way, or that the State ever even had it.

*Charles E. Jones*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for respondent.