Cite as 2019 Ark. 386

# SUPREME COURT OF ARKANSAS

No. CR-16-633

| | |
|---|---|
| LEE SULLIVAN IVORY<br>PETITIONER | **Opinion Delivered** December 12, 2019 |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; MOTION FOR APPOINTMENT OF COUNSEL; MOTION FOR APPOINTMENT OF COUNSEL OF RECORD [INDEPENDENCE COUNTY CIRCUIT COURT, NO. 32CR-14-223] |
| | PETITION DENIED; MOTIONS MOOT. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Lee Sullivan Ivory was convicted by an Independence County Circuit Court jury of possession of a controlled substance, possession of drug paraphernalia, and failure to appear, for which he was sentenced as a habitual offender to an aggregate term of 504 months' imprisonment in the Arkansas Department of Correction (ADC). His convictions and sentence were affirmed.[1] *Ivory v. State*, 2017 Ark. App. 269, 520 S.W.3d 729. Ivory now brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he contends *Brady v. Maryland*,

---

[1]Ivory represented himself during his trial, and the only point raised on appeal was that the trial court erred in permitting him to represent himself at trial.

373 U.S. 83 (1963), violations occurred based on prosecutorial misconduct. Because we find that Ivory's claims do not establish a ground for the writ, the petition is denied. Accordingly, the motions are moot.[2]

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

---

[2]Ivory filed two pro se motions, one for the appointment of counsel and one for the appointment of counsel of record. The motion for appointment of counsel of record alleges that "counsel of record" was assigned during his direct appeal and should "become counsel of record" in this matter.

2

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

## III. *Claims for Issuance of the Writ*

Ivory contends that there was prosecutorial misconduct that entitles him to coram nobis relief. Specifically, he contends that the traffic stop and drugs seized support his claim of a *Brady* violation due to the State's failure to produce information that he requested—information regarding the witnesses' credibility—and that the failure to disclose the requested information impeded his ability to conduct an effective cross-examination and threatened his right to confront adverse witnesses. Ivory's claim fails because he does not allege sufficient facts to support his claim of a *Brady* violation.

To establish a *Brady* violation, three elements are required: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. When a petitioner alleges a *Brady* violation as the basis for his or her claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that there was evidence withheld that was both material and prejudicial such as to have prevented rendition

3

of the judgment had it been known at the time of trial. *Id.* Evidence is material when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.*

Ivory's allegations are conclusory and without any factual basis, making his claims insufficient to demonstrate that material evidence was withheld by the State in violation of *Brady*. A naked allegation that a constitutional right has been invaded will not suffice. *See Howard*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner to make a full disclosure of the specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833. Although he makes a general reference to the traffic stop and the controlled substances that were seized, Ivory has failed either to identify the specific evidence that he contends was withheld by the prosecution or to identify the witnesses' testimony that he contends is not credible and that could have been confronted had he been provided with the allegedly withheld, exculpatory evidence.[3] Ivory has not demonstrated that the State withheld any evidence or otherwise violated *Brady*. Because the petition is without merit, there is no cause to appoint counsel to represent Ivory, and his motions for appointment of counsel and for appointment of counsel of record are moot.

Petition denied; motions moot.

---

[3]To the extent Ivory's right-to-confront allegation could arguably be construed as a stand-alone claim, it also fails because the nature of the argument is not only conclusory and unclear but also not cognizable in a coram nobis proceeding. A right-to-confront claim does not fall within the recognized categories for coram nobis relief and does not otherwise provide a basis for issuance of this extraordinary writ. *See Scott v. State*, 2017 Ark. 199, 520 S.W.3d 262.

HART, J., and Special Justice CHERYL ANDERSON concur.

KEMP, C.J., not participating.

**JOSEPHINE LINKER HART, Justice, concurring**. I agree that Mr. Ivory has not pleaded facts that would entitle him to a writ of error coram nobis. I also believe that inasmuch as this court denied Mr. Ivory's petition to reinvest jurisdiction in the trial court, his motions concerning appointment of counsel are moot. However, I write separately because the majority opinion contains a patently incorrect statement of the law.

The majority recites that a writ of error coram nobis is "available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal." In at least two cases, *Scott v. State*, 2019 Ark. 94, 571 S.W.3d 451, and *Strawhacker v. State*, 2016 Ark. 348, 500 S.W.3d 716, this court has expressly rejected the notion that is embodied in convenient boilerplate language that the majority recites in today's opinion As Justice Wood, writing for the majority in *Strawhacker* clearly stated, the four categories are not "set in stone." 2016 Ark. 348, at 6, 500 S.W.3d 719.

I concur.

Special Justice CHERYL ANDERSON joins.

5